In the Matter of Eric B. Fielding, Appellant, v Kim Fielding, Now Known as Kim Swidler, Respondent. [836 NYS2d 743]—

Crew III, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered January 10, 2006, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner and respondent are the parents of two children born in 1996 and 1999. The parties were divorced in April 2003, and custody of the minor children ultimately was resolved by an open-court stipulation placed upon the record in December 2004 and subsequently entered as a modified visitation order in May 2005. Pursuant to the terms thereof, respondent was awarded sole legal and physical custody of the children with specified periods of visitation to petitioner. Shortly thereafter, in August 2005, petitioner commenced the instant proceeding seeking, apparently, sole physical custody of the children. Respondent answered and, among other things, moved to dismiss the petition pursuant to CPLR 3211. Family Court granted respondent's motion, finding that petitioner failed to allege a sufficient change in circumstances to warrant an evidentiary hearing. This appeal by petitioner ensued.

We affirm. As the party seeking modification of the prior custody arrangement, petitioner bore the burden of demonstrating a sufficient change in circumstances since the parties' prior stipulation to warrant an evidentiary hearing (*see Matter of*

*Wiedenkeller v Hall*, 37 AD3d 1033, 1034 [2007]; *Matter of Critzer v Mann*, 17 AD3d 735, 736 [2005]). This petitioner failed to do. As a starting point, many of the alleged changes in circumstance—namely, petitioner's remarriage, his current spouse's level of involvement in the children's lives and the purportedly unfounded allegations of, among other things, domestic violence—all predate the parties' December 2004 open-court stipulation and, hence, are neither relevant to nor dispositive of whether petitioner made a sufficient evidentiary showing to trigger a hearing. In short, having elected not to litigate those issues at that time, petitioner cannot now be heard to complain. As to the balance of the petition, the remainder of petitioner's allegations are either conclusory in nature or have as their source statements allegedly made by the parties' children. As the children's uncorroborated statements do not involve allegations of abuse or neglect, they are inadmissible in the context of this custody proceeding (*compare Matter of Bernthon v Mattioli*, 34 AD3d 1165, 1165-1166 [2006]; *Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 987 [2003]). Accordingly, we have no quarrel with Family Court's decision to dismiss petitioner's application without a hearing.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.