■ In the Matter of CHRISTOPHER B., Appellant, v PATRICIA B., Respondent. (And Two Other Related Proceedings.) [905 NYS2d 361]—

Egan Jr., J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered April 1, 2009, which, among other things, dismissed petitioner's application, in three proceedings pursuant to Family Ct Act articles 6 and 8, for modification of a prior order of custody and visitation.

The parties are the parents of a daughter born in 2003. In November 2007, while the father was incarcerated, the parties entered into an agreement in Family Court whereby they were granted joint custody of the child, with the mother having primary physical custody and the father having certain visitation rights. In August 2008, after the father had been released from custody, the parties entered into a further stipulation in conjunction with a divorce action in Supreme Court that continued the prior joint and primary physical custody arrangement, granted the father visitation rights, provided restrictions of the child's contact with each parties' respective paramours and also ordered that the child reside within 30 miles of the City of Utica, Oneida County. In March 2009, the father filed an emergency petition seeking a modification of the custody order alleging, among other things, that the child had been sexually abused by the then-17-year-old boyfriend of the mother's older daughter. The father also filed a family offense petition and a petition alleging that the mother violated, among other things, the court ordered visitation schedule.

At the initial court appearance, conducted several days later, Family Court engaged both pro se parties in a brief discussion

---

as to what they would "like to accomplish," but no testimony was taken and no hearing was scheduled. The attorney for the child appeared and advised the court that he had just returned from vacation and had not had a chance to speak to the child. Family Court concluded that the child's well-being was not being jeopardized and advised the parties that it would issue an order directing that the child not be in the presence of her sister's boyfriend without one of the parties being present, but otherwise continued Supreme Court's order. The father now appeals.*

"Modification of an established custody arrangement requires a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Rue v Carpenter*, 69 AD3d 1238, 1239 [2010] [internal quotation marks and citations omitted]; *see Matter of Bronson v Bronson*, 63 AD3d 1205, 1206 [2009]; *Matter of Karpensky v Karpensky*, 235 AD2d 594, 595 [1997]). The party seeking the modification—the father—bears the burden of demonstrating such change in circumstances (*see Matter of Fielding v Fielding*, 41 AD3d 929, 929 [2007]), and his petition must "allege facts which, if established, would afford a basis for relief" (*Matter of Bryant-Bosshold v Bosshold*, 273 AD2d 717, 718 [2000]). "Generally an evidentiary hearing is necessary and should be conducted unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the [child's] best interests" (*Matter of Chittick v Farver*, 279 AD2d 673, 675 [2001] [citations omitted]; *see Matter of Fielding v Fielding*, 41 AD3d 929, 929 [2007]; *Matter of Cornell v Cornell*, 8 AD3d 718, 719 [2004]). "[S]ubstantiated allegations that a child has been subjected to sexual abuse in the custodial parent's home would constitute a sufficient change of circumstances warranting modification of an existing custody arrangement" (*Matter of Gary J. v Colleen L.*, 288 AD2d 720, 722 [2001]).

Here, upon our review of the record, we find merit to the contention that Family Court erred in denying the father's petition seeking modification of the custody order without first holding an evidentiary hearing. The father made specific allegations that the child was sexually abused while in the custody of

---

* Family Court's dismissal of the father's family offense and violation petitions was not addressed in the father's brief, and any issues with respect thereto are deemed abandoned (*see Matter of Silano v Oxford*, 10 AD3d 466, 467 n [2004], *lv denied* 3 NY3d 603 [2004]; *Rothberg v Reichelt*, 5 AD3d 848, 849 n [2004]).

the mother and that the mother violated the terms of the prior order. In support of his petition, the father presented records from the Oneida County Child Advocacy Center, which indicate that, in January 2009, the mother reported that the child was the victim of sexual abuse. Moreover, at the initial court appearance, the mother, although not under oath, stated that no criminal charges were pursued against the child's alleged abuser, but admitted her belief that such abuse did occur. In light of this, and in view of the lack of information before Family Court which would permit it to determine whether modifying the prior order would be in the child's best interest, we find that the father established a sufficient evidentiary basis to warrant a hearing (*see Matter of Howard v Barber*, 47 AD3d 1154, 1155 [2008]).

We likewise find Family Court's order was in error insofar as it was issued before the attorney for the child could interview his client, thus prohibiting the attorney from taking an active role in and effectively representing the interests of his client (*see* Family Ct Act § 241; *Matter of Figueroa v Lopez*, 48 AD3d 906, 907 [2008]; *Matter of Vickery v Vickery*, 28 AD3d 833, 834 [2006]). Accordingly, we remit this matter to Family Court for a full evidentiary hearing to resolve the issue of a change in circumstances and best interest of the child. We have reviewed the parties' remaining arguments and find them to be without merit.

Cardona, P.J., Peters, Spain and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's modification petition; matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.