In the Matter of ROBERT TWISS, Appellant, v JULIE BRENNAN, Respondent. [919 NYS2d 592]—

Egan Jr., J. 

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2000). In July 2009, the parties were awarded joint legal custody of the

---

child, with the mother having primary physical custody and the father having weekend visitation. Upon a modification petition filed by the mother, Supreme Court, by a December 2009 order, directed that the father's visitation be supervised. The father thereafter commenced this proceeding seeking to modify custody and visitation of the child, alleging that he had obtained a permanent residence in the child's school district. After a court appearance in February 2010, Supreme Court, without conducting a hearing, dismissed the petition, suspended the father's visitation and ordered that any telephone or text communication between the father and the child be supervised. The father now appeals.

Initially, we agree with the father's argument that Supreme Court erred in dismissing the petition without first conducting an evidentiary hearing. A modification of an existing custody order requires a petitioner to establish "a change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Robert SS. v Ashley TT.*, 75 AD3d 780, 781 [2010] [internal quotation marks and citations omitted]; *see Matter of Paul T. v Ann-Marie T.*, 75 AD3d 788, 789 [2010], *lv denied* 15 NY3d 713 [2010]; *Matter of Henderson v MacCarrick*, 74 AD3d 1437, 1439 [2010]). While not every petition in a Family Ct Act article 6 proceeding is automatically entitled to a hearing (*see Matter of Perry v Perry*, 52 AD3d 906, 906 [2008], *lv denied* 11 NY3d 707 [2008]; *Matter of Bjork v Bjork*, 23 AD3d 784, 785 [2005], *lv denied* 6 NY3d 707 [2006]), " '[g]enerally an evidentiary hearing is necessary and should be conducted unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the [child's] best interests' " (*Matter of Christopher B. v Patricia B.*, 75 AD3d 871, 872 [2010], quoting *Matter of Chittick v Farver*, 279 AD2d 673, 675 [2001]).

Here, the December 2009 order modified the father's weekend visitation with the child to provide for supervised visitation every other Sunday based on allegations that he was homeless. In making that determination, Supreme Court noted that the father had the right to apply for a modification of the order in the event his circumstances changed and after satisfactorily completing "some reasonable period of time with . . . visitation as it's been set." The father's petition seeking a modification of the December 2009 order asserted that a change in custody or visitation was warranted by virtue of his having obtained a permanent residence, the lack of which had been the primary

grounds cited by the mother in her earlier petition. In liberally construing the allegations of the petition (*see Matter of Williams v Mullineaux*, 271 AD2d 869, 870 [2000]), we find that the father has set forth sufficient facts which, if established at an evidentiary hearing, could afford a basis for granting the relief sought (*see id.; Matter of Greenblatt v Van Deusen*, 87 AD2d 713, 714 [1982]).

We likewise find that Supreme Court erred in issuing a final order suspending the father's visitation rights and ordering that all other contact between the father and the child be supervised. At the February 2010 court appearance, the attorney for the child orally requested that visitation be suspended and the child's remaining contact with the father be supervised based on allegations that the father was improperly discussing custody proceedings with the child and the child did not wish to visit with the father. While a temporary order pending a quickly scheduled evidentiary hearing would have been appropriate under these circumstances, making a final order based on the request or offer of proof of any of the attorneys present was totally in error, depriving the father of his fundamental right to a hearing. In light of this determination, we need not address the father's remaining contention that he was denied the effective assistance of counsel.

Spain, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision and, pending said proceedings, which shall be held as soon as practicable, the order entered February 17, 2010 shall remain in effect as a temporary order until the initial court appearance on this remittal.