■ In the Matter of SCOTT T. SPENCER, Respondent, v SUSAN M. SPENCER, Appellant. [925 NYS2d 227]—

McCarthy, J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered July 21, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of three children (born in 1997, 1999 and 2001). As reflected in their divorce judgment, the parties agreed to joint legal custody, physical placement with respondent (hereinafter the mother), and visitation with petitioner (hereinafter the father) every other weekend. In 2009, the father commenced this proceeding seeking to modify the custodial arrangement based upon an improper relationship that the mother's male friend had with one of the parties' children while in the mother's care. Family Court temporarily placed the children with the father. After several court appearances and an in camera interview with each of the children, the court issued an order awarding primary physical custody to the father and extensive visitation to the mother. The mother appeals.

If the mother consented to the order, she would be precluded from appealing because she would not be considered an aggrieved party (*see* CPLR 5511; *Matter of Sterling v Dyal*, 52 AD3d 894, 895 [2008]). We find that she did not consent. Her counsel objected more than once to Family Court entering an order without holding a hearing. At the fourth appearance, which occurred nine months after the petition was filed and the temporary order was issued, the court proposed to finish the case that day. After the court explained how it felt that the case should be resolved, it noted that if there were problems in the

future a party could come back with a new petition. The court then asked the mother if the proposed disposition was acceptable, to which she responded, "[f]or now." Due to the court's discussion of resolving the case, it is unclear if the mother understood that she was not required to consent and that she could still demand a hearing. The court did not assure that the mother understood her rights, that the order was final as opposed to another temporary order, or what she would be required to demonstrate if she was not satisfied with the order and filed a new petition. Under the circumstances, the mother's statement cannot be considered consent to entry of the order (cf. *Matter of Leighton v Bazan*, 36 AD3d 1178, 1179 [2007]; compare *Matter of Verry v Verry*, 63 AD3d 1228, 1229-1230 [2009], *lv denied* 13 NY3d 707 [2009]).

As to the merits, Family Court erred by modifying the custody order without holding a fact-finding hearing. The father's petition adequately alleged a change in circumstances, namely that, among other things, the mother exposed the children to a convicted sex offender and she was aware that this individual had an inappropriate relationship with one of the children (see *Matter of Christopher B. v Patricia B.*, 75 AD3d 871, 872-873 [2010]; *Matter of Gary J. v Colleen L.*, 288 AD2d 720, 722 [2001]). The mother admitted that an inappropriate relationship occurred, but denied knowing about it. The parties disagreed about most of the other allegations. The mother specifically objected to the court's failure to hold a hearing, and the court lacked record information that would permit it to determine whether the alleged change in circumstances required a modification of the prior custody order (see *Matter of Christopher B. v Patricia B.*, 75 AD3d at 872-873). A court may not grant a final order based upon mere allegations and a request by an attorney for a party or the children; evidentiary proof is required (see *Matter of Twiss v Brennan*, 82 AD3d 1533, 1535 [2011]). Thus, we must remit for Family Court to hold a hearing on the petition.

Because we are remitting this matter, we need not address the parties' remaining arguments, save one. Family Court and the parties inaccurately referred to the in camera interviews with the children as a *Lincoln* hearing. The purpose of a *Lincoln* hearing in a custody proceeding "is to corroborate information acquired through testimonial or documentary evidence adduced during the fact-finding hearing" (*Matter of Justin CC. [Tina CC.]*, 77 AD3d 207, 212 [2010]; see *Matter of Lincoln v Lincoln*, 24 NY2d 270, 273 [1969]). Thus, a true *Lincoln* hearing is held after, or during, a fact-finding hearing; there is no authority or

legitimate purpose for courts to conduct such interviews in place of fact-finding hearings, and Family Court erred in doing so here. Additionally, we caution the court to protect the children's right to confidentiality by avoiding disclosure of what children reveal in camera during a custody proceeding (*see Matter of Verry v Verry,* 63 AD3d at 1229; *Matter of Hrusovsky v Benjamin,* 274 AD2d 674, 676 [2000]; *compare Matter of Justin CC. [Tina CC.],* 77 AD3d at 212-213).

Peters, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision and, pending said proceedings, which shall be held as soon as practicable, the July 2010 order shall remain in effect as a temporary order.