■ In the Matter of YVETTE GIOVANNI, Appellant, v BRIAN K. HALL, Respondent. [927 NYS2d 427]—

Malone Jr., J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of four children (born in 1996 and 1998). Following the mother's initial incarceration in 2002, Family Court awarded the father sole custody of the children

and, in 2007, the parties stipulated to, among other things, biweekly telephone visits between the mother and the children. Upon her release in January 2010 following the conclusion of a third term of imprisonment, the mother commenced this proceeding seeking a modification of the prior order of custody. At the initial appearance, Family Court referred the parties to a mediation service, but an agreement was apparently never reached. Thereafter, Family Court conducted an in camera interview with the children* and, without further proceedings, partially granted the mother's petition awarding her certain visitation with the children through February 2011, but declined to alter the custody arrangement. The mother now appeals.

"While not every petition in a Family Ct Act article 6 proceeding is automatically entitled to a hearing, [g]enerally an evidentiary hearing is necessary and should be conducted unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the [children's] best interests" (*Matter of Twiss v Brennan*, 82 AD3d 1533, 1534 [2011] [internal quotation marks and citations omitted]; *see Matter of Christopher B. v Patricia B.*, 75 AD3d 871, 872 [2010]; *Matter of Chittick v Farver*, 279 AD2d 673, 675 [2001]; *cf. Obey v Degling*, 37 NY2d 768, 770 [1975]). Although the majority of the allegations in the mother's petition have no relation to the issues of custody and visitation, we find that, liberally construed, sufficient allegations appear in the petition to warrant an evidentiary hearing, and Family Court erred in disposing of the petition following only the parties' initial appearance and the in camera interview with the children (*see Matter of Cornell v Cornell*, 8 AD3d 718, 719-720 [2004]). Also weighing in favor of a full hearing is the fact that the prior two orders were entered upon consent of the parties, and it appears that there has yet to be a plenary hearing regarding the custody of the parties' children and the issue of visitation. Consequently, we reverse and remit to Family Court so that a hearing can be held and, following which, Family Court can "undertake a comprehensive independent review of the children's best interests" (*Miller-Glass v Glass*, 237 AD2d 723, 724 [1997]; *see Matter of Williams v Williams*, 35 AD3d 1098, 1099-1100 [2006]; *Matter of Cornell v Cornell*, 8 AD3d at 719-720).

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur.

---

* We note that Family Court, the parties and the attorney for the children erroneously refer to this as a *Lincoln* hearing (*see Matter of Spencer v Spencer*, 85 AD3d 1244, 1245 [2011]).

Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Greene County for further proceedings not inconsistent with this Court's decision.