Peters, P.J.
Family Court erred in dismissing the mother’s modification petition without first conducting an evidentiary hearing. A petition to modify an existing custody arrangement must contain factual allegations of a change in circumstances sufficient to warrant modification in the child’s best interests (see Matter of Hudson v Eck, 70 AD3d 1261, 1262 [2010]; Matter of Bjork v Bjork, 23 AD3d 784, 785 [2005], lv denied 6 NY3d 707 [2006]). “While not eveiy petition in a Family Ct Act article 6 proceeding is automatically entitled to a hearing, [generally an evidentiary hearing is necessary and should be conducted unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the [child’s] best interests” (Matter of Twiss v Brennan, 82 AD3d 1533, 1534 [2011] [internal quotation marks and citations omitted]; accord Matter *1438 of Giovanni v Hall, 86 AD3d 676, 677 [2011]; see Matter of Christopher B. v Patricia B., 75 AD3d 871, 872 [2010]).
Here, the mother’s petition alleged, among other things, that the father impeded her access to the child’s daycare providers, used profanity in the child’s presence, engaged in a course of conduct designed to alienate the child from her, and exhibited paranoid, hostile and volatile behavior. While several of the allegations are similar to those raised in a custody petition that predated the January 2011 order, the mother claimed an escalation of those underlying issues and provided specific allegations that the father had engaged in increasingly aggressive and volatile behavior and had violated the terms of the prior order. In support of the petition, the mother presented a letter from the child’s pediatrician stating that, due to the father’s hostile behavior during a recent visit, the practice would no longer provide pediatric care for the child. Liberally construing these allegations (see Matter of Twiss v Brennan, 82 AD3d at 1535), we find that the mother set forth sufficient facts which, if established at an evidentiary hearing, could afford a basis for granting the relief sought (see Matter of Giovanni v Hall, 86 AD3d at 677; Matter of Twiss v Brennan, 82 AD3d at 1535; Matter of Christopher B. v Patricia B., 75 AD3d at 872-873; Matter of Williams v Mullineaux, 271 AD2d 869, 870 [2000]). The fact that the prior order arose out of a stipulation between the parties, and a plenary hearing has yet to be held on the issue of custody, also weighs in favor of a full hearing (see Matter of Giovanni v Hall, 86 AD3d at 677; see generally Matter of Prefario v Gladhill, 90 AD3d 1351, 1352 [2011]; Matter of Eunice G. v Michael G., 85 AD3d 1339, 1340 [2011]).* Accordingly, we remit the matter to Family Court for a full evidentiary hearing to resolve the issues of change in circumstances and best interests of the child.
Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court’s decision.

 Although not determinative, this conclusion is in accord with the position advanced by the attorney for the child both during arguments on the motion and on this appeal (see Matter of Torkildsen v Torkildsen, 72 AD3d 1405, 1407 [2010]; Matter ofDiffin v Towne, 47 AD3d 988, 992 [2008], lv denied 10 NY3d 710 [2008]).