Peters, P.J.
Appeals (1) from an order of the Family Court of Columbia County (Nichols, J.), entered June 18, 2012, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in violation of a prior visitation order, and (2) from an order of said court, entered June 18, 2012, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
The parties are the divorced parents of a son and a daughter (born in 1990 and 1998, respectively), and have been engaged in a protracted battle over issues of custody and child support (see e.g. Matter of Horike v Freedman, 81 AD3d 1091 [2011], lv dismissed and denied 16 NY3d 889 [2011]). Pursuant to a 2008 consent order, the daughter resides with respondent (hereinafter the mother) in Columbia County, while petitioner (hereinafter the father) is entitled to specified visitation with her in New York City.
The father filed petitions alleging that the mother had violated the 2008 order by interfering with visitation, and sought to modify the terms of that visitation. Family Court dismissed, without prejudice, the violation petition as procedurally defective. Inasmuch as the father advances no arguments with regard to that dismissal, his appeal therefrom is deemed to be abandoned (see Matter of Rebecca O. v Todd P., 309 AD2d 982, 983 [2003]).
With regard to the amended petition seeking modification, *1333 the father sought a change in the mode of transportation used for the daughter’s visitation. The father failed to physically appear at the initial court date, and Family Court advised his attorney that his personal appearance would be required at an upcoming conference. Counsel for the father did not dispute those terms and, indeed, agreed to notify opposing counsel if the father was not going to appear at the conference so that the proceeding could be dismissed beforehand. The father did not appear at the conference, ostensibly because counsel did not realize that the father’s attendance was required at the conference and failed to explicitly direct him to appear at it. Family Court dismissed the proceeding without prejudice to renewal, holding both that the father’s failure to appear constituted a default and that the amended petition failed to state a claim. The father also appeals from that order, and we reverse.
The nonappearance of a party does not necessarily result in a default, “particularly where counsel appears upon the absent party’s behalf and offers an explanation for his or her failure to attend” (Matter of Derek P. v Doris Q., 92 AD3d 1103, 1105 [2012], lv dismissed and denied 19 NY3d 831 [2012]; see Matter of Scott v Jenkins, 62 AD3d 1053, 1054 [2009], lv denied 13 NY3d 705 [2009]). The father’s counsel stated that, while the father had elected not to appear, counsel had not informed him that his appearance was necessary. Family Court did not challenge the accuracy of that representation and, moreover, made no effort to reach the father telephonically or by other means. Under these circumstances, Family Court erred in holding that the father’s nonappearance constituted a default (see Matter of Olivia C. [Scott E.], 97 AD3d 910, 911 [2012], lv denied 19 NY3d 814 [2012]; Matter of Burns v Carriere-Knapp, 278 AD2d 542, 543-544 [2000]).
While Family Court further determined that the amended petition should be dismissed because “no basis . . . whatsoever” existed to support it, a modification petition that “allege[s] facts which, if established, would afford a basis for relief’ is facially sufficient (Matter of Bryant-Bosshold v Bosshold, 273 AD2d 717, 718 [2000]; see Matter of Christopher B. v Patricia B., 75 AD3d 871, 872 [2010]). An evidentiary hearing is thus necessary “unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the [child’s] best interests” (Matter of Twiss v Brennan, 82 AD3d 1533, 1534 [2011] [internal quotation marks and citations omitted]; see Matter of Schnock v Sexton, 101 AD3d 1437, 1437 [2012]). The *1334 father here alleged that he had become disabled since the issuance of the custody order and that the resulting restrictions on his ability to travel and drop in income rendered the daughter’s specified transportation to and from visitation unworkable. In support of the amended petition, the father also provided proof that he had difficulty sitting for long periods and began receiving benefits from the supplemental security income program after the custody order was issued. As Family Court aptly noted, serious questions exist as to whether the father was aware of his purported disability at the time the prior order was issued. We are constrained to liberally construe the allegations in the amended petition, however, and thus agree with the father that he “set forth sufficient facts which, if established at an evidentiary hearing, could afford a basis for granting the relief sought” (Matter of Schnock v Sexton, 101 AD3d at 1438; see Matter of Twiss v Brennan, 82 AD3d at 1535).
Rose, Stein and Garry, JJ., concur. Ordered that the order dismissing petitioner’s violation petition is affirmed, without costs. Ordered that the order dismissing petitioner’s amended petition seeking modification of a prior order of custody and visitation is reversed, on the law, without costs, and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court’s decision.