■ In the Matter of RENEE M. MOORE, Respondent, v STEPHEN PALMATIER, Appellant. (Proceeding No. 1.) In the Matter of STEPHEN PALMATIER, Appellant, v RENEE M. MOORE, Respondent. (Proceeding No. 2.) [982 NYS2d 191]—

Stein, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered November 9, 2012, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Renee M. Moore (hereinafter the mother) and Stephen Palmatier (hereinafter the father) are the unmarried parents of

one child (born in 2008). Pursuant to a 2011 custody order, the parties had joint legal custody of the child, with physical custody to the mother and visitation with the father, consisting of one day during the week from 12:00 p.m. until 9:00 p.m., and alternating weekends from Saturday at 1:00 p.m. until Sunday at 6:00 p.m. In July 2012, the mother enrolled the child in two separate preschool programs, which would result in the child being in preschool for the entire day. Inasmuch as this schedule conflicted with the father's weekday visitation, the mother commenced the first of these proceedings, seeking to modify the prior order by eliminating the father's weekday visitation. Shortly thereafter, the father commenced the second of these proceedings, requesting that physical custody of the child be shared equally between him and the mother, with alternating holidays.

Following an initial appearance by the parties, the father moved for Family Court's recusal, which was denied by the court at the next appearance of the parties. Thereafter, the court issued an order, without holding a fact-finding hearing, maintaining physical custody of the child with the mother and eliminating the father's weekday visitation. The court also granted the father additional weekend visitation time, expanded summer visitation, as well as shared school breaks and alternating Thanksgiving and Christmas holidays. The father appeals.

Initially, inasmuch as there was no showing of a statutory disqualification or of personal bias, Family Court did not abuse its discretion in denying the father's recusal motion (*see People v Moreno*, 70 NY2d 403, 405 [1987]). We do find, however, that Family Court erred in modifying the prior order without first conducting a fact-finding hearing. "[A]n existing visitation order will be modified only if the applicant demonstrates a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child" (*Matter of Taylor v Fry*, 63 AD3d 1217, 1218 [2009]; *accord Matter of Burrell v Burrell*, 101 AD3d 1193, 1194 [2012]). While not every petition in a Family Ct Act article 6 proceeding is entitled to a hearing, one "is generally necessary to determine the best interest[s] of the child unless there is enough information before the court to conduct an independent review" (*Matter of Howard v Barber*, 47 AD3d 1154, 1155 [2008]; *see Matter of Anthony MM. v Rena LL.*, 34 AD3d 1171, 1172 [2006], *lv denied* 8 NY3d 805 [2007]). Here, the mother alleges in her petition that the father opposes the child attending the two preschool programs, which the mother "strongly feel[s] he needs." In our view, while the mother set forth sufficient facts that, if established at an ev-

identiary hearing, could afford a basis for modifying the prior order, there was not enough information before Family Court to make an independent assessment as to whether it is in the child's best interests to attend both preschool programs at the expense of the father's weekday visitation. Accordingly, we remit the matter to Family Court for a full evidentiary hearing to resolve the issues of change in circumstances and best interests of the child (*see generally Matter of Schnock v Sexton*, 101 AD3d 1437, 1438 [2012]).

Peters, P.J., McCarthy and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision and, pending said proceedings, the terms of the November 9, 2012 order shall remain in effect as a temporary order.