Per Curiam.
Appeal from an order of the Family Court of Albany County (M. Walsh, J.), entered August 13, 2012, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two sons (born in 1996 and 1999). In July 2010, Family Court entered an order granting the father sole legal and primary physical custody and providing the mother with a specific visitation schedule. In November 2011, the mother filed a petition seeking to modify the custody order to obtain primary physical custody. In response, the father filed two violation petitions and a modification petition seeking to have the mother’s visitation supervised. The parties appeared in court numerous times, always pro se, and the court entered temporary orders on multiple occasions. At each appearance, Family Court allowed the parties and the attorney for the children to discuss the children’s situation. At an August 2013 appearance that was scheduled for a hearing, the court allowed the attorney for the children and the parties to each speak, then asked the parties to swear to the truth of their oral statements. At that point, the court dismissed the mother’s modification petition and the father’s violation petitions, but granted the father’s modification petition by limiting the mother’s visitation to times that could be agreed upon by the parties. The mother and the attorney for the children appeal from Family Court’s order addressing the father’s modification petition.
*993 Initially, the parties’ older child turned 18 on June 15, 2014. Therefore, any issues regarding custody of or visitation with that child are now moot (see Matter of Collins v Brush, 113 AD3d 936, 936 [2014]; Matter of Norwood v Capone, 15 AD3d 790, 793 [2005], appeal dismissed 4 NY3d 878 [2005]).
Family Court erred in failing to conduct a fact-finding hearing. The final appearance was not a true hearing; the parties should have been “afforded a full and fair opportunity to be heard” (Matter of Middlemiss v Pratt, 86 AD3d 658, 659 [2011] [internal quotation marks and citations omitted]). While Family Court stated at the outset of the August 2013 appearance that the matter was set for a hearing that day, the court then allowed each party to deliver a long, unsworn narrative comprised mostly of hearsay — as the court had permitted the parties to do at each previous appearance. After the parties had discussed their views of the situation for an extended time, they were asked to swear to the statements they had made, following which the court rendered a determination without any opportunity for the parties to avail themselves of the usual attributes of a hearing, including the opportunity to present opening and closing statements, to present any other evidence or to conduct cross-examination (see id.). Thus, the court erred in modifying the prior order without holding a fact-finding hearing (see Matter of Moore v Palmatier, 115 AD3d 1069, 1070-1071 [2014]).
Additionally, Family Court did not make findings of fact to support its determination. While decisions may be oral or written, the court is required to “state the facts it deems essential” to the outcome (CPLR 4213 [b]; see Giordano v Giordano, 93 AD2d 310, 311 [1983]). The court did not do so here. The court also failed to indicate whether it conducted the mandatory review of decisions addressing child abuse and neglect, reports of the statewide registry of orders of protection and the sex offender registry (see Family Ct Act § 651 [e] [3], [4]). Based on all of these circumstances, we reverse and remit for Family Court to hold a hearing on the father’s modification petition as it pertains to the younger child. Inasmuch as the court had no evidentiary basis on which to issue the order on appeal, the July 2010 order will remain in effect pending further proceedings.
Stein, J.E, McCarthy, Garry, Lynch and Devine, JJ., concur.
Ordered that the order is reversed, on the law, without costs, matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court’s decision, and, pending said proceedings, the July 12, 2010 order shall remain in effect as a temporary order.