*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 7, 2016                    520483
_____

In the Matter of LINDA SCHROLL,
                    Respondent,

        v

ANGELIQUE WRIGHT,                          MEMORANDUM AND ORDER
                    Appellant,
                    et al.,
                    Respondent.
_____

Calendar Date:  November 19, 2015

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

_____

        Michelle I. Rosien, Philmont, for appellant.

        Alexandra G. Verrigini, Rexford, for Linda Schroll,
respondent.

        Heather Corey-Mongue, Ballston Spa, attorney for the child.

_____

Peters, P.J.

        Appeal from an order of the Family Court of Saratoga County
(Hall, J.), entered September 19, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of visitation.

        Respondent Angelique Wright (hereinafter the mother) is the
mother of the subject child (born in 2005), and petitioner
(hereinafter the grandmother) is the child's maternal
grandmother.  Pursuant to a stipulated order entered in May 2013,
the mother and the grandmother share joint legal custody of the
child, with the grandmother having primary physical custody and

the mother receiving parenting time.  In April 2014, the
grandmother commenced this proceeding seeking to have the
mother's visitation supervised or suspended based on allegations
of, among other things, her continued drug use.  Thereafter,
Family Court issued an order directing the mother to submit to a
hair follicle test.  When the parties next appeared, Family Court
had yet to receive the test results despite the mother's claim
that she had submitted to the test and had signed a release for
the results to be provided to the court.  The matter was
thereafter twice adjourned while the court awaited the results of
the test.  When the parties appeared in September 2014 and the
test results were still not forthcoming, Family Court immediately
granted the grandmother's application and ordered that the
mother's visitation be supervised.  The mother appeals.

Family Court erred in modifying the mother's visitation
without conducting a hearing.  It is settled that "modification
of a Family Ct Act article 6 custody order requires a full and
comprehensive hearing at which a parent is to be afforded a full
and fair opportunity to be heard" (Matter of Damian D. [Patricia
WW.], 126 AD3d 12, 16 [2015] [internal quotation marks and
citations omitted]; accord Matter of Richardson v Massey, 127
AD3d 1277, 1278 [2015]; see Matter of McCullough v Harris, 119
AD3d 992, 993 [2014]; Matter of Moore v Palmatier, 115 AD3d 1069,
1070 [2014]), except where "no hearing is requested and the court
has sufficient information to undertake a comprehensive
independent review of the child's best interests" (Matter of
Twiss v Brennan, 82 AD3d 1533, 1534 [2011] [internal quotation
marks, brackets and citations omitted]; see Matter of Moore v
Palmatier, 115 AD3d at 1070-1071; Matter of Freedman v Horike,
107 AD3d 1332, 1333 [2013]; Matter of Spencer v Spencer, 85 AD3d
1244, 1245 [2011]).

Here, the mother objected to the hair follicle test and
specifically requested a hearing on the allegations concerning
her continued drug use.  Further, while Family Court made a
fleeting reference during one of the court appearances to the
mother's history of drug use, in the absence of the test results
or any record evidence of recent drug use by the mother, there
was not enough information before the court to permit it to
determine whether unsupervised visitation would be inimical to

the child's welfare or whether supervised visitation was otherwise necessary to ensure the child's best interests (see Matter of Fish v Fish, 112 AD3d 1161, 1162 [2013]).  As the restriction of the mother's visitation was based upon mere allegations, the order must be reversed and the matter remitted for a hearing on the petition (see Matter of Moore v Palmatier, 115 AD3d at 1071; Matter of Spencer v Spencer, 85 AD3d at 1245; Matter of Twiss v Brennan, 82 AD3d at 1535; compare Matter of Mary GG. v Alicia GG., 106 AD3d 1410, 1411-1412 [2013], lv denied 21 NY3d 863 [2013]).  In light of this determination, we need not address the mother's remaining arguments.

Lahtinen, Garry, Rose and Clark, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision and, pending said proceedings, the terms of the September 19, 2014 order shall remain in effect on a temporary basis.




ENTER:


Robert D. Mayberger
Clerk of the Court