*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    522240
_____

In the Matter of HEATHER
    ENGELHART,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

DANIEL BOWMAN,
                    Respondent.
_____

Calendar Date:  April 20, 2016

Before:  Lahtinen, J.P., McCarthy, Devine, Clark and Mulvey, JJ.

_____

        Cynthia Feathers, Glens Falls, for appellant.

        Gordon, Tepper & DeCoursey, LLP, Glenville (Jennifer P. Rutkey of counsel), for respondent.

        Jeffrey S. Berkun, Albany, attorney for the child.

_____

Mulvey, J.

        Appeal from an order of the Family Court of Albany County (Maney, J.), entered November 24, 2015, which, sua sponte, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the mother) and respondent (hereinafter the father) divorced in March 2013.  Pursuant to the terms of their judgment of divorce, the father received sole custody of the parties' two children (born in 2006 and 2007) and the mother received parenting time on Wednesday evenings and alternate weekends.  The mother appealed from the judgment of divorce, and, on appeal, this Court modified the judgment to the

extent of awarding the mother additional parenting time on certain holidays and school vacations (Bowman v Engelhart, 112 AD3d 1187, 1189-1190 [2013]).

In June 2015, the mother commenced this proceeding pursuant to Family Ct Act article 6 seeking joint legal custody and primary physical custody of the children. During an August 2015 hearing, Family Court, sua sponte, dismissed the mother's petition on the basis that the mother had failed to allege that she and the father could cooperate for the good of the children and that, absent such an allegation, she could not request joint legal custody. Family Court subsequently denied the mother's application to orally amend her petition to seek sole legal custody of the children. Thereafter, Family Court issued a written order that purported to grant a motion by the father to dismiss the petition.[1] The mother appeals.

"In any modification proceeding, the threshold issue is whether there has been a change in circumstances since the prior custody order significant enough to warrant a review of the issue of custody to ensure the continued best interests of the children" (Matter of Patricia P. v Dana Q., 106 AD3d 1386, 1386-1387 [2013] [citations omitted]; accord Matter of Hill v Dean, 135 AD3d 990, 994 [2016]). The petitioner "bears the burden of demonstrating such change in circumstances, and his [or her] petition must 'allege facts which, if established, would afford a basis for relief'" (Matter of Christopher B. v Patricia B., 75 AD3d 871, 872 [2010] [internal citation omitted], quoting Matter of Bryant-Bosshold v Bosshold, 273 AD2d 717, 718 [2000]; see Matter of Bjork v Bjork, 23 AD3d 784, 785 [2005], lv denied 6 NY3d 707 [2006]). "Generally[,] an evidentiary hearing is necessary and should be conducted unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the children's best interests" (Matter of Chittick v Farver, 279 AD2d 673, 675 [2001] [citations omitted]; see Matter

---

[1] The parties deny that the father made a motion to dismiss the petition.

of Freedman v Horike, 107 AD3d 1332, 1333 [2013]).

In her petition, the mother alleged, among other things, that the father was charged with reckless endangerment, vehicular assault and driving while intoxicated after he crashed a car in January 2015, thereby causing injury to himself and his three passengers. The mother also alleged that the father engaged in a course of conduct that alienated the children from her, that the children desired to spend more time with her and that her work schedule had become more flexible since completing her medical residency. If established after a hearing, these allegations could afford a basis for modifying the prior custodial arrangement and, thus, Family Court erred in dismissing the petition without first conducting a hearing (see Matter of Harrell v Fox, 137 AD3d 1352, 1353-1354 [2016]; Matter of Christopher B. v Patricia B., 75 AD3d at 872-873). Given that the mother's petition places both legal and physical custody in issue, we further note that if, after a hearing, the mother makes the requisite showing of a change in circumstances sufficient to warrant a best interests inquiry and Family Court determines that joint legal custody is not feasible, it is "'incumbent upon Family Court to determine a custodial arrangement based upon the best interests of the child[ren] despite the absence' of a petition definitively seeking sole custody" (Matter of Kowatch v Johnson, 68 AD3d 1493, 1495 [2009], lv denied 14 NY3d 704 [2010], quoting Matter of Scala v Parker, 304 AD2d 858, 860 [2003]; see Matter of Mahoney v Regan, 100 AD3d 1237, 1237-1238 [2012], lv denied 20 NY3d 859 [2013]).

We are unpersuaded by the mother's remaining contention that Family Court's dismissal of the petition without a hearing was precipitated by bias.

Lahtinen, J.P., McCarthy and Devine, JJ., concur; Clark, J., not taking part.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court