Matter of Kimberly H. v Daniel I. (2020 NY Slip Op 03830)





Matter of Kimberly H. v Daniel I.


2020 NY Slip Op 03830


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

527941

[*1]In the Matter of Kimberly H., Appellant,
v
Daniel I., Respondent.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Daniel I., Clifton Park, respondent pro se.
Nicole R. Rodgers, Saratoga Springs, attorney for the child.



Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered October 16, 2018, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2002). Pursuant to a January 2018 order, entered on the consent of the parties, the father had sole legal and physical custody of the child and the mother was entitled to five hours of visitation every Wednesday evening and every Friday from 3:00 p.m. until Saturday evening at 8:00 p.m. The order further entitled petitioner to "additional parenting time . . . on major [h]olidays and the child's birthday as the parties shall reasonably agree" plus "other reasonable parenting time . . . as the parties shall agree." Additionally, the order prohibited the parents from "interfer[ing] with the parental relationship of the other party." In September 2018, the mother filed a modification petition, pro se, seeking sole custody of the child. Without conducting a hearing, Family Court dismissed the petition, finding the mother failed to state a cause of action. The mother appeals.
"A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests" (Matter of Tracey L. v Corey M., 151 AD3d 1209, 1210 [2017] [internal quotation marks and citations omitted]). "[I]n determining whether a pro se petitioner made a sufficient evidentiary showing to warrant a hearing, we construe the pleadings liberally and afford the petitioner the benefit of every favorable inference. As a general matter, custody determinations should be rendered only after a full and plenary hearing" (Matter of Nathaniel V. v Kristina W., 173 AD3d 1308, 1309 [2019] [internal quotation marks, brackets and citations omitted]).
In her petition, the mother alleged, among other things, that the father repeatedly attempted to take the child with him to a prison to visit an inmate who was convicted of murder and on at least one occasion was successful. She also asserted that the child had no desire to accompany the father on these visits and, in fact, they caused the child significant distress. Furthermore, the mother alleged in her petition that the father has refused to allow any additional parenting time, despite numerous requests, and that he has threatened to take away her court-ordered parenting time. Finally, the mother averred that she has completed therapeutic counseling, is continuing with further therapy and is a fit parent. We find that the pro se petition is sufficient to warrant an evidentiary hearing based on these allegations. "We also note that the prior custody order was entered upon consent of the parties and there has not . . . been a plenary hearing regarding custody" since 2014 (Matter of Pollock v Wakefield, 145 AD3d 1274, 1275 [2016]). Accordingly, we reverse and remit the matter to Family Court for a hearing.
Egan Jr., J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED the order is reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.