Matter of Gerard P. v Paula P. (2020 NY Slip Op 04515)





Matter of Gerard P. v Paula P.


2020 NY Slip Op 04515


Decided on August 13, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 13, 2020

529420 527934 529110

[*1]In the Matter of Gerard P., Respondent,
v
Paula P., Appellant. (Proceeding No. 1.)
In the Matter of Paula P., Appellant,
v
Gerard P., Resondent. (Proceeding No. 2.)
In the Mater of Paul P., Appellant,
v
Gerard P., Respondent. (Proceeding No. 3.)

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Monique B. McBride, Albany, for appellant.
Smith, Dominelli & Guetti, LLC, Albany (Jennifer L. Dominelli of counsel), for respondent.
Christopher J. Obstarcyzk, Latham, attorney for the children.



Clark, J.
Appeals (1) from an order of the Family Court of Saratoga County (Pelagalli, J.), entered May 28, 2019, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior order of custody and parenting time, (2) from an order of said court, entered October 16, 2018, which, in proceeding No. 2 pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the amended petition, and (3) from an order of said court, entered April 19, 2019, which, in proceeding No. 3 pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Gerard P. (hereinafter the father) and Paula P. (hereinafter the mother) are the divorced parents of a son (born in 2003) and two daughters (born in 2004 and 2006). Pursuant to an order of custody and parenting time, entered in May 2017 upon the parties' consent, the parties shared joint legal and physical custody of the children, with the mother having final decision-making authority over decisions relating to the son and the father having final decision-making authority over decisions relating to the daughters. In addition, the order of custody and parenting time directed that the mother and the father were to refrain from "any and all conversations about the other" with people in their shared profession. The order further provided that each parent had the right of first refusal whenever it was necessary for a third party to care for the children for more than four hours.
In October 2017, just five months after entry of the order of custody and parenting time, the father commenced the first of these proceedings with the filing of a violation petition, which he thereafter amended in March 2018 and May 2018. The father — who acted pro se for a portion of the underlying proceedings [FN1] — alleged that the mother had willfully violated the May 2017 order of custody and parenting time by, among other things, contacting the father's employer, misusing the right of first refusal and failing to consult with him regarding certain decisions relating to the son and one of the daughters. Despite having filed a violation petition, the father sought, among other things, modification of the May 2017 order of custody and parenting time — namely, an award of sole legal custody and removal of the right of first refusal provision. In March 2018, Family Court commenced a hearing on the father's violation petition. Such hearing was continued over several dates and concluded roughly one year after its commencement.
In May 2018, during the pendency of the ongoing violation hearing, the mother commenced the second of these proceedings, seeking to modify the May 2017 order of custody and parenting time. Referencing some of the same incidents discussed by the father in his violation petition, the mother alleged, in her amended modification petition, that there had been a change in circumstances since entry of the May 2017 order of custody and parenting time and sought, among other things, sole legal and physical custody of the children. In turn, the father filed a pro se motion to dismiss the mother's amended modification petition, along with a supporting affidavit, wherein he offered alternate versions of the allegations raised in the mother's amended petition.
In June 2018, at the start of the third hearing date in the violation proceeding, Family Court acknowledged the mother's pro se amended modification petition and the father's unresolved motion to dismiss, but made clear that it would only hear evidence relating to the mother's alleged violations of the order of custody and parenting time. The court expressly left open the possibility of conducting a hearing on the mother's amended modification petition upon the conclusion of the violation proceeding. However, in October 2018, after having received written responses from the mother and the attorney for the children,[FN2] but without having conducted a hearing, Family Court granted the father's motion and dismissed the mother's amended modification petition with prejudice.
In February 2019, while the violation hearing remained ongoing, the mother commenced a second modification proceeding seeking sole legal and physical custody of the children. In her pro se petition, the mother alleged, among other things, that the father "refuse[d] to work cooperatively with [her]," citing numerous instances in which they allegedly could not agree on decisions regarding the children. The father once again filed a pro se motion to dismiss the mother's modification petition, together with a supporting affidavit detailing his versions of events. The attorney for the children submitted an affirmation taking no position on the father's motion to dismiss. The mother — then represented by counsel — opposed the motion. In April 2019, without having conducted a hearing, Family Court granted the father's motion and dismissed the mother's modification petition with prejudice.
Thereafter, in May 2019, Family Court held its sixth — and final — hearing date on the father's violation petition, as well as separate Lincoln hearings with each child. By order entered May 28, 2019, Family Court found that the mother had willfully violated the May 2017 order of custody and parenting time and, "[i]n order to hopefully limit the friction between the parties," granted the father sole legal custody of the children, but maintained shared physical custody. Family Court also directed the parties to engage in family counseling together with the children. The mother appeals from the October 2018, April 2019 and May 2019 orders.
To begin, we agree with the mother that Family Court erred in dismissing her modification petitions without conducting a hearing.[FN3] In any modification proceeding, the threshold issue is whether there has been a change in circumstances since entry of the prior custody order that warrants a review of the issue of custody to ensure the continued best interests of the children (see Matter of Engelhart v Bowman, 140 AD3d 1293, 1293 [2016]; Matter of Twiss v Brennan, 82 AD3d 1533, 1534 [2011]). An evidentiary hearing is generally "necessary and should be conducted unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and [Family C]ourt has sufficient information to undertake a comprehensive independent review of the children's best interests" (Matter of Chittick v Farver, 279 AD2d 673, 675 [2001] [internal citation omitted]; accord Matter of Christopher B. v Patricia B., 75 AD3d 871, 872 [2010]). In assessing whether the petitioner has alleged the requisite change in circumstances, so as to withstand a motion to dismiss for failure to state a claim, Family Court must liberally construe the petition, accept the facts alleged in the petition as true, afford the petitioner the benefit of every favorable inference and resolve all credibility questions in favor of the petitioner (see Matter of Caswell v Caswell, 134 AD3d 1175, 1176 [2015]; Matter of Freedman v Horike, 107 AD3d 1332, 1334 [2013]; Matter of McBride v Springsteen-El, 106 AD3d 1402, 1402 [2013]).
A review of the October 2018 and April 2019 orders establishes that Family Court did not liberally construe the mother's pro se petitions, accept her allegations as true, afford her the benefit of every possible inference or resolve credibility issues in her favor when determining the motions to dismiss. The mother's 2018 amended modification petition included allegations concerning, among other things, a parenting conflict that arose out of an April 2018 incident involving the son (a focal point of the father's second amended violation petition), as well as the parents' inability to discuss a school safety issue and agree upon a course of action. As for her 2019 modification petition, the mother made numerous allegations regarding the father's unwillingness to discuss medical decisions relating to the children, the father's canceling of medical appointments for the children without consulting her (conduct that the father similarly complained of in his second amended violation petition), and the father's general "refus[al] to work cooperatively with [her]." Viewed liberally, the allegations in each of the mother's pro se petitions could, if proven, demonstrate a change in circumstances based upon a complete deterioration of the parents' ability to coparent and the infeasibility of continuing joint legal custody (see Matter of Schnock v Sexton, 101 AD3d 1437, 1438 [2012]; Matter of Giovanni v Hall, 86 AD3d 676, 677 [2011]; Matter of Nikki O. v William N., 64 AD3d 938, 939 [2009], lv dismissed 13 NY3d 825 [2009]).
The October 2018 and April 2019 orders further reveal that, rather than accept the mother's allegations as true, Family Court improperly made factual findings and credibility determinations, inappropriately resolving the conflicting versions of events, as set forth in the mother's petitions and the father's supporting affidavits, against the mother and in favor of the father. For example, in its October 2018 order, Family Court credited the father's account of the April 2018 incident involving the son, stating that the father's "actions constitute[d] appropriate parenting," while the mother's actions went "well beyond poor parenting." Such factual findings and credibility assessments have no place in an order resolving a motion to dismiss for failure to state a claim (see Matter of Nikki O. v William N., 64 AD3d at 939). Moreover, as discussed more fully below, we cannot overlook the fact that Family Court made factual findings and credibility determinations regarding issues and allegations that were the subject of the ongoing violation proceeding. Accordingly, upon consideration of all the foregoing, we find that Family Court erred in granting the father's motions to dismiss the mother's modification petitions. Consequently, we reverse said orders and remit the matters for an evidentiary hearing before a different judge on each of those petitions (see Matter of Buck v Buck, 154 AD3d 1134, 1135 [2017]; Matter of Schnock v Sexton, 101 AD3d at 1438).
Turning to the May 2019 order, although Family Court conducted a full evidentiary hearing on the father's violation petition, after which it rendered a determination based upon its credibility assessments and findings of fact, we cannot view the violation proceeding in isolation. As we have alluded to, there was a considerable degree of overlap between the allegations raised by the father and the mother in their respective petitions. By prematurely and improperly making factual findings and credibility determinations regarding these overlapping allegations in its October 2018 and April 2019 orders, Family Court irreparably tainted its determination on the father's violation petition. Significantly, Family Court issued the October 2018 and April 2019 orders prior to the conclusion of the violation hearing, well before the mother even had an opportunity to present any evidence. Given the circumstances, timing and the nature of Family Court's improper factual findings, we cannot foreclose the possibility that Family Court prejudged the case or was predisposed to a certain outcome on the father's petition.[FN4] Moreover, by summarily dismissing the mother's petitions, Family Court created a situation in which only the father could pursue and obtain relief on allegations that were also raised by the mother. Given these concerns, Family Court's May 2019 order must be reversed and the matter remitted for a new hearing before a different judge.
Although a new hearing must be held on the father's violation petition, we nevertheless feel compelled to comment on the impermissible sanction that Family Court imposed upon the mother after finding that she willfully violated the May 2017 order of custody and parenting time. Generally, the only available penalty that Family Court may impose for a willful violation of a custodial order without a concurrent modification petition pending is a monetary fine and/or a period of imprisonment (see Judiciary Law § 753 [A]; Family Ct Act § 156; Labanowski v Labanowski, 4 AD3d 690, 694-695 [2004]; Matter of Hess v Hess, 243 AD2d 763, 765 [1997]). However, Family Court sanctioned the mother by modifying the joint legal order of custody and granting the father sole legal custody of the children without determining whether there had been a change in circumstances. In addition, Family Court failed to engage in any discernible analysis of whether a modification was in the best interests of the children.[FN5]
Because the October 2018, April 2019 and May 2019 orders must be reversed and the matters remitted for further proceedings before a different judge, the parties once again share joint legal custody of the children, with the mother having final decision-making authority over the son and the father having final decision-making authority over the daughters, as set forth in the May 2017 order of custody and parenting time. Considering the long and tortured history between the parents and the impact that such turmoil has had on the children, Family Court shall commence proceedings within 45 days of the date of this decision. Finally, based upon the potentially divergent positions of the children, Family Court should, upon remittal, consider whether the assignment of separate attorneys for the children is warranted.
Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the orders are reversed, on the law, without costs, and matters remitted to the Family Court of Saratoga County for new hearings on the three petitions before a different judge, said proceedings to be commenced within 45 days of the date of this Court's decision and, pending said proceedings, the terms of the May 2017 order shall be in effect.



Footnotes

Footnote 1: The father did not appear with an attorney until the fall of 2018.

Footnote 2: The attorney for the children initially asserted that there had been a change in circumstances since entry of the May 2017 order of custody and parenting time, but subsequently submitted an affirmation stating that certain issues relating to the son had resolved and that he took no position on the mother's request for a change in legal and physical custody.

Footnote 3: The attorney for the children agrees that Family Court erred in dismissing the mother's 2019 petition without a hearing, but asserts that it properly granted the father's motion to dismiss the mother's 2018 amended petition.

Footnote 4: In its May 2019 order, Family Court stated that the mother's "actions reflect[ed] poor judgment and parenting."

Footnote 5: Family Court did conduct separate Lincoln hearings with each of the children. However, the discussions that took place at those hearings were insufficient to support the modification of legal custody in the best interests of the children. We further note that, in his written submission, the attorney for the children stated that he did not support a modification granting the father sole legal custody of the children. On appeal, the attorney for the children similarly argues that Family Court's award of sole legal custody to the father was error.