Matter of Nathan PP. v Angela PP. (2022 NY Slip Op 03031)





Matter of Nathan PP. v Angela PP.


2022 NY Slip Op 03031


Decided on May 5, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 5, 2022

532042
[*1]In the Matter of Nathan PP., Appellant,
v
Angela PP., Respondent. (And Another Related Proceeding.)

Calendar Date:March 24, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Liam G. B. Murphy, Ithaca, for appellant.
The Lama Law Firm, LLP, Ithaca (Luciano J. Lama of counsel), for respondent.
Thomas G. Shannan, Ithaca, attorney for the children.



Fisher, J.
Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered August 7, 2020, which, in a proceeding pursuant to Family Ct Act article 6, among other things, granted respondent's motion to dismiss the amended petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2010). In December 2017, Family Court entered an order on consent giving the mother and the father joint legal custody over the children, with primary placement to the mother. The consent order created a parenting time schedule and allowed the parties to discuss modifying future exchanges. If an agreement about modifying exchanges could not be reached, the mother and the father could proceed to mediation, and, if mediation was unsuccessful, either party could petition Family Court to resolve the issue without the need to demonstrate a change in circumstances.
In October 2019, after being unable to reach an agreement about a series of modified exchanges through several mediation sessions, the father filed a petition to modify the prior custody order. The mother filed a cross petition and subsequently moved to dismiss the father's petition for failure to state a cause of action. After the father amended his petition, the mother moved to dismiss the amended petition and a hearing was scheduled. After conferencing the matter and without holding an evidentiary hearing, Family Court granted the mother's motion and dismissed the father's amended petition, concluding that the father's allegations were "insufficient to warrant a change from the current order of custody in the best interests of the child." The father appeals.
Generally, in order "[t]o survive a motion to dismiss, [the petitioner is] required to establish a change in circumstances warranting an inquiry into whether the best interests of the child[] would be served by modifying the existing custody arrangement" (Matter of Jessica EE. v Joshua EE., 188 AD3d 1479, 1481 [2020] [internal quotation marks and citations omitted]; see Matter of Sarah OO. v Charles OO., 198 AD3d 1151, 1152 [2021]). However, parties to a custody proceeding may, like here, stipulate that either party can later seek modification of the custody order without demonstrating a change in circumstances (see Matter of Daniel G. v Marie H., 196 AD3d 801, 803 [2021]; Matter of Mauro NN. v Michelle NN., 172 AD3d 1493, 1493 [2019]). Despite eliminating that threshold burden of demonstrating a change in circumstances, a party still "'must show that modification of the underlying order is necessary to ensure the child's continued best interests'" (Matter of Kimberly H. v Daniel I., 185 AD3d 1170, 1171 [2020], quoting Matter of Tracey L. v Corey M., 151 AD3d 1209, 1210 [2017]; see Matter of Mauro NN. v Michelle NN., 172 AD3d at 1494).
"In determining whether modification of a prior custody order will serve the best interests of the child, courts must consider a variety [*2]of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Austin ZZ. v Aimee A., 191 AD3d 1134, 1136 [2021] [internal quotation marks and citations omitted]; see Matter of Charity K. v Sultani L., 202 AD3d 1346, 1347 [2022]). Although an evidentiary hearing is generally necessary, "not every petition in a Family Ct Act article 6 proceeding is automatically entitled to a hearing" (Matter of Sarah OO. v Charles OO., 198 AD3d at 1152 [internal quotation marks and citation omitted]), including where "the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and Family Court has sufficient information to undertake a comprehensive independent review of the child['s] best interests" (Matter of Gerard P. v Paula P., 186 AD3d 934, 937—938 [2020] [internal quotation marks, brackets and citations omitted]; see Matter of Abigail Y. v Jerry Z., 200 AD3d 1512, 1513 [2021]).
We find no error with Family Court's order granting the mother's motion to dismiss the amended petition. In his amended petition, the father asserted various allegations pertaining to the propriety of the mother's actions against him, including her refusal to accept his proposals or requests following several mediations to modify the exchange schedule. The amended petition also claimed that the mother's "controlling behavior" placed the children in a position to have to choose between parents, and that the mother had otherwise ignored, mischaracterized or unilaterally made changes in the schedule while refusing to consider the father's proposals. As Family Court properly found, these allegations do not pertain to the factors considered as part of a best interests analysis and are therefore insufficient to warrant a change from the current order of custody (see Matter of Cameron UU. v Catherine VV., 193 AD3d 1278, 1278 [2021]; Matter of Austin ZZ. v Aimee A., 191 AD3d at 1136). Although the father did allege that he was in between jobs and could provide additional care for the children, "he did so only in a broad manner and without any substantiation" (Matter of Cameron UU. v Catherine VV., 193 AD3d at 1278-1279; see Matter of Lowe v Bonelli, 129 AD3d 1135, 1137 [2015]). Accordingly, even accepting the allegations in the amended petition as true, such allegations fail to demonstrate that modifying the custody order was in the best interests of the children (see Matter of Charity K. v Sultani L., 202 AD3d at 1347; Matter of Gerald P. v Paula P., 186 AD3d at 937-938; Matter of Kimberly H. v Daniel I., 185 AD3d at 1171).
We have examined the remaining contentions of the parties and find them [*3]without merit or academic.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.