■ In the Matter of MARISSA RR., a Child Alleged to be Abused. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARTIN RR., Appellant. [698 NYS2d 745] —Crew III, J. Appeal from an order of the Family Court of Schoharie County (Czajka, J.), entered July 15, 1998, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Marissa RR. an abused child.

In April 1998, petitioner commenced this proceeding seeking a determination that respondent had abused his daughter, Marissa RR. (born in 1994). A fact-finding hearing was held wherein petitioner offered into evidence a certificate of respondent's conviction of, *inter alia,* attempted murder, together with the transcript of the plea allocution underlying such conviction, wherein respondent admitted that he fired a shotgun through an apartment door in an attempt to kill Marissa's mother, knowing that Marissa was in the apartment at the time. Contrary to respondent's assertion, petitioner demonstrated by a preponderance of the evidence that respondent's acts created a substantial risk of physical injury to Marissa by other than accidental means that would be likely to cause death or serious injury (*see,* Family Ct Act § 1012 [e] [ii]; *Matter of Janique Y.,* 256 AD2d 1053, 1054).

There is, however, merit in respondent's contention that Family Court failed to hold an adequate dispositional hearing, thereby requiring remittal of this matter to Family Court.* It is now well established that a final disposition cannot be made

---

* Both petitioner and the Law Guardian concur that a new dispositional hearing is required.

without first affording the parents an opportunity to be heard, conducting an appropriate inquiry into the relevant facts and devising "a plan for rehabilitative services to the family to encourage and strengthen the parental relationship" (*Matter of John G.*, 89 AD2d 704, 705). Here, the mother and child were residing in Alabama at the time of the dispositional hearing and apparently were not even notified of the abuse petition. Accordingly, petitioner requested mental health evaluations prior to final disposition, advising Family Court that it did not have sufficient information to make a recommendation as to whether there should be contact between respondent and his daughter. Family Court denied petitioner's request and, without affording the parties any opportunity to present evidence, ordered that respondent have no contact with his daughter for a period of one year, to be extended on an annual basis upon application by petitioner.

Finally, we are of the view that Family Court erred in failing to recuse itself in response to respondent's motion. Our review of the record reveals an appearance of bias, thus necessitating a dispositional hearing before a different Judge.

Mikoll, J. P., Yesawich Jr., Spain and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by remitting the matter to the Family Court of Schoharie County for a dispositional hearing before a different Judge, and, as so modified, affirmed.