*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 15, 2016                    522120
_____

In the Matter of JENNIFER M.
    POLLOCK,
                        Appellant,

            v                                    MEMORANDUM AND ORDER

JEREMY W. WAKEFIELD,
                        Respondent.
_____

Calendar Date:   November 21, 2016

Before:   McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

                      _____

        Teresa C. Mulliken, Harpersfield, for appellant.

        Larisa Obolensky, Delhi, attorney for the child.

                      _____

Aarons, J.

        Appeal from an order of the Supreme Court (Dowd, J.),
entered October 29, 2015 in Chenango County, which partially
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, for modification of a prior order of
custody and visitation.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of a child born in 2009.
Pursuant to a May 2015 order entered on consent, the parties were
awarded joint custody and shared placement of the child.  In
September 2015, the mother commenced this proceeding pro se,
seeking sole legal and physical custody of the child, alleging
that the father had become intoxicated and threatened to kill her
and take the child.  After a court appearance, Supreme Court
modified the prior order, without conducting an evidentiary

hearing, by appointing the father's girlfriend as the person responsible for transporting the child between the two parties and by setting out a schedule of physical custody of the child for Thanksgiving and Christmas, but otherwise continued the order. The mother appeals.

"In any modification proceeding, the threshold issue is whether there has been a change in circumstances since the prior custody order significant enough to warrant a review of the issue of custody to ensure the continued best interest of the child[]" (Matter of Patricia P. v Dana Q., 106 AD3d 1386, 1386 [2013] [citations omitted]; see Matter of Miller v Bush, 141 AD3d 776, 776-777 [2016]). A petition filed by a pro se litigant "should be construed liberally when considering whether [it] sufficiently alleged a change in circumstances" (Matter of Ford v Baldi, 123 AD3d 1399, 1400 [2014]). "While not every petition in a Family Ct Act article 6 proceeding is automatically entitled to a hearing, generally an evidentiary hearing is necessary and should be conducted unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the child's best interests" (Matter of Twiss v Brennan, 82 AD3d 1533, 1534 [2011] [internal quotation marks, brackets and citations omitted]; accord Matter of Giovanni v Hall, 86 AD3d 676, 677 [2011]).

In our view, the mother raised sufficient allegations against the father to warrant an evidentiary hearing concerning custody of the child. According to the petition, the father became intoxicated and made threatening text messages and phone calls to the mother. The mother called the police and, according to the police report, while the police were at her residence, the father called again and threatened to harm a police officer. Thereafter, the father drove over to the mother's residence and was arrested. Although the father informed Supreme Court that this was an isolated incident, we find that the mother set forth sufficient facts that, if established at an evidentiary hearing, could support granting the relief sought. Therefore, Supreme Court erred in making its determination without holding a hearing (see Matter of Ford v Baldi, 123 AD3d at 1400; Matter of Freedman v Horike, 107 AD3d 1332, 1333-1334 [2013]). We also note that

the prior custody order was entered upon consent of the parties and there has not yet been a plenary hearing regarding the custody of this child.  Accordingly, we reverse and remit the matter to Supreme Court for a hearing to resolve the issues of change in circumstances and the best interests of the child (see Matter of Giovanni v Hall, 86 AD3d at 677).

McCarthy, J.P., Lynch, Rose and Clark, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court