McCarthy, J.P.
 

 Appeal from an order of the Family Court of Chenango County (Revoir Jr., J.), entered October 6, 2016, which, among other things, dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
 

 Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2005). Pursuant to a March 2015 order, the mother was awarded sole custody of the child, while the father received certain supervised visitation, to be jointly facilitated by the parties and the child’s mental health provider. The March 2015 order further provided that both the father and the child were to continue mental health treatment until successfully discharged, and that both parties were to sign all necessary releases so the father’s and the child’s mental health providers could coordinate and exchange information.
 

 In February 2016, the father filed a petition to modify the March 2015 order by increasing his visitation and removing the requirement that his visits be supervised. He also filed a violation petition alleging that the mother failed to facilitate supervised visitation and continue the child in mental health counseling.
 
 *
 
 After a court appearance wherein the parties disputed whether the respective treatment providers were attempting to communicate and facilitate visitation, Family Court issued subpoenas to have the father’s and the child’s mental health providers appear as witnesses before the court on August 16, 2016. Although the court held a conference on that scheduled date, it is unclear exactly what transpired because that proceeding was not transcribed. We can discern from comments made at the next, and final, court appearance that the parties were excluded from the August conference, during which the court, and possibly counsel, spoke with two mental health counselors who were ordered to appear. At the final court appearance, Family Court dismissed both petitions, without prejudice. The father appeals.
 

 Family Court erred in dismissing the petitions without holding a hearing. The father’s modification and violation petitions set forth sufficient allegations “that, if established at an evi-dentiary hearing, could support granting the relief sought” (Matter of Pollock v Wakefield, 145 AD3d 1274, 1275 [2016]; see Matter of Christopher B. v Patricia B., 75 AD3d 871, 872-873 [2010]). Generally, where a facially sufficient petition has been filed, “modification of a Family Ct Act article 6 custody order requires a full and comprehensive hearing at which a parent is to be afforded a full and fair opportunity to be heard” (Matter of Richardson v Massey, 127 AD3d 1277, 1278 [2015] [internal quotation marks and citation omitted]; see Matter of Schroll v Wright, 135 AD3d 1028, 1029 [2016]). The Court of Appeals recently reaffirmed the principles “that, as a general matter, custody determinations should be rendered only after a full and plenary hearing,” and “should be based on admissible evidence” (S.L. v J.R., 27 NY3d 558, 564 [2016]). Courts should not make custody determinations based on inadmissible hearsay statements, information provided at court appearances by persons not under oath or conclusions of experts or professionals “whose opinions and credibility were untested by either party” (id.; see Gentile v Gentile, 149 AD3d 916, 918 [2017]).
 

 In rendering its decision here, Family Court relied on such information — namely, the statements of the mental health providers given during the off-the-record conference from which the parties were excluded — rather than admissible evidence. This procedure frustrated appellate review by preventing us from examining what Family Court relied upon in making its decision. Further, this procedure deprived the father of his due process right to a hearing at which he could cross-examine the mental health providers and submit his own proof (see Matter of Richardson v Massey, 127 AD3d at 1278; Matter of Jeffrey JJ. v Stephanie KK., 88 AD3d 1083, 1084 [2011]). Therefore, we remit for a hearing on the father’s petitions.
 

 Lynch, Clark, Aarons and Pritzker, JJ., concur.
 

 Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court’s decision.
 

 *
 

 The father also filed a second violation petition, which is not at issue in this appeal.