Matter of Rodriguez v Rodriguez (2021 NY Slip Op 02934)





Matter of Rodriguez v Rodriguez


2021 NY Slip Op 02934


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


438 CAF 19-01716

[*1]IN THE MATTER OF JOSE A. RODRIGUEZ, PETITIONER-APPELLANT,
v
MYRNA RODRIGUEZ, RESPONDENT-RESPONDENT.
IN THE MATTER OF MYRNA RODRIGUEZ, PETITIONER-RESPONDENT,
v
JOSE A. RODRIGUEZ, RESPONDENT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.
LAW OFFICE OF PETER VASILION, WILLIAMSVILLE (PETER P. VASILION OF COUNSEL), FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT. 
MARY ANNE CONNELL, BUFFALO, ATTORNEY FOR THE CHILD.
WILLIAM D. BRODERICK, JR., ELMA, ATTORNEY FOR THE CHILD.
AUDREY ROSE HERMAN, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 19, 2019 in proceedings pursuant to Family Court Act article 6. The order, insofar as appealed from, dismissed the petitions of petitioner-respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent father appeals from an order that effectively granted the motions of respondent-petitioner mother to dismiss his petitions seeking modification of a prior consent order of custody and visitation, and his other petitions alleging that the mother violated that prior consent order. We affirm.
Contrary to the father's contention, Family Court did not err in granting the mother's motions without a hearing. It is well settled that "[o]ne who seeks to modify an existing order of [custody and] visitation is not automatically entitled to a hearing [and] must make some evidentiary showing sufficient to warrant it" (Matter of Richard R.G. v Rebecca H., 34 AD3d 1312, 1312 [4th Dept 2006], lv denied 8 NY3d 804 [2007] [internal quotation marks omitted]; see Matter of Moreno v Elliott, 170 AD3d 1610, 1612 [4th Dept 2019]). Here, with respect to his modification petitions, the father failed to make a sufficient evidentiary showing of a change in circumstances to require a hearing (see Matter of Gworek v Gworek [appeal No. 1], 158 AD3d 1304, 1304 [4th Dept 2018]; Matter of Warrior v Beatman, 70 AD3d 1358, 1359 [4th Dept 2010], lv denied 14 NY3d 711 [2010]). With respect to the father's violation petitions, a hearing is required only where the "petitions set forth sufficient allegations 'that, if established at an evidentiary hearing, could support granting the relief sought' " (Matter of Buck v Buck, 154 AD3d 1134, 1135 [3d Dept 2017]; see Matter of Honeyford v Luke, 186 AD3d 1049, 1052 [4th Dept 2020]), and the father failed to make sufficient allegations here (see Matter of Fewell v [*2]Koons, 87 AD3d 1405, 1405-1406 [4th Dept 2011]; cf. generally Buck, 154 AD3d at 1135).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court