Matter of Sarah OO. v Charles OO. (2021 NY Slip Op 05758)





Matter of Sarah OO. v Charles OO.


2021 NY Slip Op 05758


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

531703
[*1]In the Matter of Sarah OO., Appellant,
v
Charles OO., Respondent.

Calendar Date:September 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for appellant.
The Rappazzo Law Firm, PLLC, Schenectady (Rachel A. Rappazzo of counsel), for respondent.
Veronica Reed, Schenectady, attorney for the child.



Clark, J.
Appeal from an order of the Family Court of Montgomery County (Cortese, J.), entered July 1, 2020, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition and for counsel fees.
Pursuant to the terms of a 2012 judgment of divorce, petitioner (hereinafter the mother) and respondent (hereinafter the father) have joint legal custody of their child (born in 2005), with the mother having primary physical custody and the father having parenting time every Monday through Thursday. In 2015, the mother sought permission to relocate with the child to New Jersey so that they could reside with the mother's new husband. Following a fact-finding hearing, Family Court (Catena, J.) denied the mother's relocation request. In January 2020, the mother commenced this modification proceeding, once again seeking permission to relocate to New Jersey with the child. The father moved for dismissal of the mother's relocation petition on the ground that the mother failed to allege the requisite change in circumstances. The father also moved for an award of counsel fees. By order entered July 1, 2020, Family Court (Cortese, J.) granted the father's motion to dismiss and for an award of counsel fees. The mother thereafter waived her right to a hearing on the amount of counsel fees owed to the father, and, upon the parties' submissions, Family Court directed the mother to pay the father's attorney $750 in counsel fees. The mother appeals from Family Court's July 2020 order.
We agree with the mother and the attorney for the child that the change in circumstances alleged by the mother in her petition was sufficient to withstand a motion to dismiss and that Family Court therefore erred in dismissing the mother's modification petition without conducting a hearing. The threshold inquiry in any custody modification proceeding is whether there has been a change in circumstances since entry of the prior custody order that, if established, warrants a review of the issue of custody to ensure the continued best interests of the child (see Matter of Jennifer VV. V Lawrence WW., 186 AD3d 946, 947 [2020]; Matter of Christopher B. v Patricia B., 75 AD3d 871, 872 [2010]). "While not every petition in a Family Ct Act article 6 proceeding is automatically entitled to a hearing" (Matter of Twiss v Brennan, 82 AD3d 1533, 1534 [2011]), an evidentiary hearing is generally "necessary and should be conducted unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the child[]'s best interests" (Matter of Chittick v Farver, 279 AD2d 673, 675 [2001] [internal citation omitted]; see Matter of Pollock v Wakefield, 145 AD3d 1274, 1274-1275 [2016]). "In assessing whether the petitioner has alleged the requisite change in circumstances, so as to withstand a motion to dismiss [*2]for failure to state a claim, Family Court must liberally construe the petition, accept the facts alleged in the petition as true, afford the petitioner the benefit of every favorable inference and resolve all credibility questions in favor of the petitioner" (Matter of Gerard P. v Paula P., 186 AD3d 934, 937-938 [2020]; see Matter of McBride v Springsteen-El, 106 AD3d 1402, 1403 [2013]).
The change in circumstances alleged by the mother in her petition included, among other things, the child's "strong desire to relocate" with the mother to New Jersey and a recent breakdown in the child's relationship with the father. In concluding that these allegations were facially insufficient, Family Court failed to accept the mother's allegations as true, afford her the benefit of every favorable inference and resolve credibility issues in her favor. For example, without conducting a fact-finding hearing or a Lincoln hearing, Family Court discounted the mother's allegation that the relationship between the father and the child had recently broken down, stating that such "information was not relayed through the child's attorney" and that "[t]he child ha[d] not reported dissatisfaction with living with [the] father." The court also failed to adequately take into account the fact that more than four years had passed between Family Court's denial of the mother's relocation request and the commencement of the instant proceeding. At the time of this proceeding, the child was 14 years old and, although not dispositive, her wishes could potentially support the finding of a change in circumstances (see Matter of Edwin Z. v Courtney AA., 187 AD3d 1352, 1354 [2020]; Matter of Yeager v Yeager, 110 AD3d 1207, 1209 [2013]). Contrary to Family Court's conclusion, when viewed in the light most favorable to the mother, her allegations regarding the child's preferences and a recent breakdown in the father-child relationship were sufficient to warrant a hearing on the issue of whether there had been a change in circumstances necessitating an inquiry into the best interests of the child (see Matter of Gerard P. v Paula P., 186 AD3d at 938; Matter of Pollock v Wakefield, 145 AD3d at 1275). Family Court therefore erred in granting the father's motion to dismiss and in awarding the father counsel fees. Consequently, we reverse Family Court's order and remit the matter to Family Court for a fact-finding hearing and a Lincoln hearing, with such proceedings to be commenced within 45 days of the date of this decision. Ever mindful of the importance that the child's position be heard, under these circumstances, Family Court should not reappoint the trial attorney for the child (see 22 NYCRR 7.2 [d]).[FN1]
To the extent that we have not addressed any of the mother's remaining contentions, they either have been rendered academic by our determination or have been reviewed and found to be without merit.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the [*3]order is reversed, on the law, without costs, and matter remitted to the Family Court of Montgomery County for further proceedings not inconsistent with this Court's decision, said proceedings to be commenced within 45 days of the date of this Court's decision.



Footnotes

Footnote 1: The attorney for the child on appeal did not represent the child in Family Court and advocated for a fact-finding hearing and a Lincoln hearing.