Matter of Abigail Y. v Jerry Z. (2021 NY Slip Op 07588)





Matter of Abigail Y. v Jerry Z.


2021 NY Slip Op 07588


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

531594
[*1]In the Matter of Abigail Y., Appellant,
v
Jerry Z., Respondent. (And Two Other Related Proceedings.)

Calendar Date:November 22, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Larisa Obolensky, Delhi, for appellant.
Lisa A. Natoli, Norwich, attorney for the child.



Garry, P.J.
Appeal from an order of the Family Court of Chenango County (Revoir Jr., J.), entered June 3, 2020, which, in three proceedings pursuant to Family Ct Act article 6, granted the attorney for the child's motion to dismiss the petitions.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child.[FN1] Pursuant to a March 2019 order, the parents were granted joint legal and shared physical custody of the child, alternating one-week custodial periods during the school year and two-week custodial periods during the summer, as well as certain school breaks. The order also provided that "the parties will have a [r]ight of [f]irst refusal if either party requires child care for more than [four] hours with a provider other than the maternal or paternal grandparents."
In September 2019, the mother filed a modification petition seeking primary physical custody. The father filed a cross petition seeking primary physical custody and the mother filed a petition alleging that the father violated the prior order. After conducting a few appearances, including settlement discussions, Family Court granted the attorney for the child's motion to dismiss all three petitions, on the ground that neither party had shown a change in circumstances warranting a hearing. The mother appeals, challenging only the dismissal of her modification petition.
"A parent seeking to modify a prior order of custody and visitation is required to demonstrate that a change in circumstances has occurred since entry thereof that then warrants the court engaging in an analysis as to the best interests of the child" (Matter of Naquan V. v Tia W., 172 AD3d 1467, 1468 [2019] [citations omitted]; see Matter of Gerard P. v Paula P., 186 AD3d 934, 937 [2020]). "While not every petition in a Family Ct Act article 6 proceeding is automatically entitled to a hearing" (Matter of Pollock v Wakefield, 145 AD3d 1274, 1274-1275 [2016] [internal quotation marks and citation omitted]), "[g]enerally, where a facially sufficient petition has been filed, modification of a Family Ct Act article 6 custody order requires a full and comprehensive hearing at which a parent is to be afforded a full and fair opportunity to be heard" (Matter of Buck v Buck, 154 AD3d 1134, 1135 [internal quotation marks and citations omitted]; see Matter of Miller v Bush, 141 AD3d 776, 777 [2016]). "In assessing whether the petitioner has alleged the requisite change in circumstances, so as to withstand a motion to dismiss for failure to state a claim, Family Court must liberally construe the petition, accept the facts alleged in the petition as true, afford the petitioner the benefit of every favorable inference and resolve all credibility questions in favor of the petitioner" (Matter of Gerard P. v Paula P., 186 AD3d at 937-938 [citations omitted]).
Accepting the mother's allegations as true, the father withheld the child from her during spring break, despite the prior order granting [*2]her parenting time during that school break. She also alleged that the father refused to answer his phone or communicate with her or, alternatively, sent continuous text messages to harass her (see Matter of Deyo v Bagnato, 107 AD3d 1317, 1318-1319 [2013], lv denied 22 NY3d 651 [2013]). Further, she alleged that the father does not allow her to talk to the child on the telephone during the father's parenting time, which could be detrimental to the parent-child relationship, as the child was then six years old and spent every other week away from the mother (see Matter of Rutland v O'Brien, 143 AD3d 1060, 1062 [2016]). Similarly, she alleged that the father failed to provide her with the child's insurance information and allowed the child to leave the area for several days without informing the mother of the child's travel plans or providing any way for her to contact him for days. In her modification petition, and as further explained in her response to the motion to dismiss, the mother asserts that the child started spending a substantial amount of the father's parenting time with the grandparents and not with the father. Upon this appeal, the attorney for the child focuses on this limited point upon which the negotiations failed, that is, the time spent with the paternal grandparents; upon review, we necessarily consider the full allegations of the mother's modification petition (see Matter of Giovanni v Hall, 86 AD3d 676, 677 [2011]).
Notably, during the course of the parties' second appearance, Family Court stated that a hearing seemed necessary based on the parties' disparate claims and their common assertion that shared custody was not working; however, at the next appearance and as the settlement discussions were proving to be unsuccessful, the court abruptly directed the attorney for the child to file a motion to dismiss the petitions if no settlement was reached within 10 days thereafter. We are aware and mindful of both the benefits and challenges of promoting settlements in these disputes between parents attempting to share custody. We recognize the inherent frustration in the roles of counsel and the court when attempting to intervene and guide parents toward a clearer focus on the child's best interests, rather than their own emotional responses. Nonetheless, and particularly when attempts to settle or mediate a dispute break down, the law requires a detached review.
Here, viewing the allegations liberally and affording the mother the benefit of every favorable inference, the mother's pro se modification petition is sufficient to warrant an evidentiary hearing based on the allegations indicating that the father failed to communicate with her to effectively coparent, interfered with her relationship with the child and was failing to take advantage of his parenting time (see Matter of Nathaniel V. v Kristina W., 173 AD3d 1308, 1309 [2019]; Matter of Horowitz v Horowitz, 154 AD3d 1207, 1208 [2017]; Matter of Schnock v Sexton, [*3]101 AD3d 1437, 1438 [2012]). Accordingly, we remit for Family Court to conduct a hearing on the mother's modification petition. However, we reject the mother's request that we assign this case to a different judge upon remittal; although Family Court revealed some impatience with the failed negotiations, the record does not reveal undue bias or an inability to fully and fairly determine the issues presented (compare Matter of Nicole TT. V David UU., 174 AD3d 1168, 1172 [2019]; Matter of Varner v Glass, 130 AD3d 1215, 1217 [2015]; Matter of Marissa RR., 266 AD2d 751, 752 [1999]).
Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the attorney for the child's motion to dismiss petitioner's modification petition; motion denied to that extent and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: There is an apparent error in some of the record documents relative to the child's date of birth. However, at the first appearance, both parents advised Family Court that the child was born in 2013.