Matter of Neil VV. v Joanne WW. (2022 NY Slip Op 03557)





Matter of Neil VV. v Joanne WW.


2022 NY Slip Op 03557


Decided on June 2, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 2, 2022

533437
[*1]In the Matter of Neil VV., Appellant,
v
Joanne WW. et al., Respondents, et al., Respondent.

Calendar Date:April 27, 2022

Before:Clark, J.P., Pritzker, Colangelo, Ceresia and McShan, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Joanne WW., Paul Smiths, respondent pro se.
Franklin County Department of Social Services, Malone (Nicole M. DuvÉ of counsel), for Franklin County Department of Social Services, respondent.
Amanda Geary, Ogdensburg, attorney for the child.



Pritzker, J.
Appeal from an order of the Family Court of Franklin County (Main Jr., J.), entered April 26, 2021, which, in a proceeding pursuant to Family Ct Act article 6, sua sponte dismissed the petition.
Petitioner (hereinafter the father) and respondent Cayla VV. (hereinafter the mother) are the parents of a child (born in 2008). Respondent Joanne WW. (hereinafter the grandmother) is the child's maternal grandmother. Pursuant to a 2018 custody order issued on consent, the grandmother and the father were awarded joint custody, with primary physical placement of the child to the grandmother, a schedule of parenting time to the father and supervised visitation to the mother. To that end, the father was awarded certain parenting time during the school year, longer parenting time during summer break, and any other parenting time as mutually agreed to by him and the grandmother. In March 2021, the father commenced the instant modification proceeding on the ground that there had been several changes in circumstances since the entry of the prior order warranting a modification. Specifically, the father alleged, among other things, that, since the prior order, he has relocated to a small, quiet apartment but now has a lengthy commute each way to exercise his parenting time, the child wishes to spend more time with him and the prior order provides him with a limited amount of a parenting time when considering the progress he has made to care for the child. Family Court sua sponte dismissed the father's petition without prejudice, finding that the father failed to allege a sufficient change in circumstances. The father appeals.
Family Court erred in dismissing the petition without holding a hearing. "A parent seeking to modify a prior order of custody and visitation is required to demonstrate that a change in circumstances has occurred since entry thereof that then warrants the court engaging in an analysis as to the best interests of the child" (Matter of Naquan V. v Tia W., 172 AD3d 1467, 1468 [2019] [citations omitted]; see Matter of Gerard P. v Paula P., 186 AD3d 934, 937 [2020]). "While not every petition in a Family Ct Act article 6 proceeding is automatically entitled to a hearing" (Matter of Pollock v Wakefield, 145 AD3d 1274, 1274 [2016] [internal quotation marks and citations omitted]), "[g]enerally, where a facially sufficient petition has been filed, modification of a Family Ct Act article 6 custody order requires a full and comprehensive hearing at which a parent is to be afforded a full and fair opportunity to be heard" (Matter of Buck v Buck, 154 AD3d 1134, 1135 [2017] [internal quotation marks and citations omitted]; see Matter of Miller v Bush, 141 AD3d 776, 777 [2016]). Here, the father's modification petition "set forth sufficient allegations 'that, if established at an evidentiary hearing, could support granting the relief sought'" (Matter of Buck v Buck, 154 AD3d at 1135, quoting Matter of Pollock v Wakefield, 145 AD3d at 1275; see [*2]Matter of Sarah OO. v Charles OO., 198 AD3d 1151, 1153 [2021]; Matter of Ford v Baldi, 123 AD3d 1399, 1400 [2014]).[FN1] Therefore, we reverse and remit for a hearing on the father's modification petition.
Clark, J.P., Colangelo, Ceresia and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Franklin County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: We note that the attorney for the child and respondent Franklin County Department of Social Services agree that the father alleged a change in circumstances such that a hearing is warranted. We also note that, although the grandmother asserts on appeal that the father did not allege a change in circumstances, in Family Court, when responding to the father's petition, the grandmother conceded that a change in circumstances had occurred and proposed her own modification to the prior custody order.