Matter of Ryan Z. v Adrianne AA. (2023 NY Slip Op 01032)

Matter of Ryan Z. v Adrianne AA.

2023 NY Slip Op 01032

Decided on February 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 23, 2023

534028
[*1]In the Matter of Ryan Z., Appellant.
v
Adrianne AA., Respondent. (And Another Related Proceeding.)

Calendar Date:January 13, 2023

Before:Egan Jr., J.P., Lynch, Clark, Ceresia and Fisher, JJ.

Christopher Hammond, Cooperstown, for appellant.
Kathryn Friedman, Buffalo, for respondent.
Lisa K. Miller, McGraw, attorney for the child.

Lynch, J.
Appeal from an order of the Family Court of Chemung County (Ottavio Campanella, J.), entered August 19, 2021, which, among other things, in a proceeding pursuant to Family Ct Act article 6, granted the attorney for the child's motion to dismiss the petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2018). A November 2019 consent order awarded the mother sole legal and primary physical custody of the child, with a schedule of supervised parenting time to the father. As relevant here, the order also entitled the father to video chats with the child on certain days and at certain times, and directed the mother to keep him informed of the child's medical information. In June 2021, the father filed a petition to modify the November 2019 order, seeking, among other things, joint legal custody of the child, unsupervised parenting time and a "progressive schedule of increased visitation." The father alleged several changed circumstances in support of his petition, including that: (1) he had recently moved back from Minnesota and could now exercise in-person visitation; (2) the mother had "failed and/or refused" to allow him to have video chats with the child as directed by the November 2019 order and had refused to work with him to find an appropriate setting in which to exercise his visitation; (3) the mother had failed to keep him informed of certain medical information pertaining to the child; (4) the mother had been named as a respondent in a neglect proceeding concerning the child and, upon information and belief, was adjudicated to have neglected him; and (5) the father had completed parenting classes and progressed in mental health treatment. The mother filed a cross-petition for modification of the November 2019 order, seeking to limit or terminate the father's visitation. Her petition was eventually withdrawn.
An appearance on the petitions was held in August 2021, at which the parties, their attorneys and counsel for the Chemung County Department of Social Services (hereinafter DSS) appeared. During the appearance, the father's attorney relayed that the father had since moved back to Minnesota with the intent to complete an in-patient mental health and substance abuse program. The father, who appeared by telephone, confirmed as much, explaining that he had been admitted to the program, but his paperwork was still being reviewed. Although the father's attorney conceded that the father was, therefore, no longer available for in-person visitation as represented in his petition, he noted that the father could still participate in video chats with the child and that the father had informed him that the mother had thwarted his efforts in this regard.
In response, the mother's attorney explained that the mother has had the same phone number for several years and claimed that she had provided the father with information about the child via Facebook. The mother's attorney explained [*2]that, although the mother was "not opposed necessarily to [the father] having telephonic contact with the child," the father "often gets new phone numbers, and/or new Facebook profiles" and he needed a stable phone number so that the mother "knows that she's getting communication from him." As for the father's allegation that the mother had been named as a respondent in a neglect proceeding and was adjudicated to have neglected the child, an attorney for DSS revealed that the neglect proceeding was closed two weeks prior with a request from DSS to end to all court-ordered services insofar as the mother had completed all of the conditions required of her. Although the attorney indicated that an affidavit had been filed confirming these facts, Family Court noted that the affidavit had been filed in the neglect proceeding and not the underlying custody modification proceeding at issue.
Toward the end of the appearance, the attorney for the child moved to dismiss the father's petition — an application which the mother's attorney joined — arguing that he had not set forth a change in circumstances sufficient to warrant a hearing. In a bench decision, Family Court granted the motion and dismissed the father's petition, stating that the father could refile his petition when "he gets back and shows he's done well in Minnesota." The court added: "But at this point in time, every time he's in front of me, unfortunately, he shows significant instability, and inability to control his behavior in court. I cannot imagine how he is outside of court. But I am not exposing this child to [anything] other than a supervised setting with [the father] at this point in time." The court thereafter denied the father's motion for reconsideration and a written order dismissing the father's modification petition, without prejudice, was subsequently entered. The father appeals.
We agree with the father and the attorney representing the child on appeal [FN1] that Family Court erred in dismissing the father's petition without holding a hearing. " 'A parent seeking to modify a prior order of custody and visitation is required to demonstrate that a change in circumstances has occurred since entry thereof that then warrants the court engaging in an analysis as to the best interests of the child' " (Matter of Neil VV. v Joanne WW., 206 AD3d 1097, 1098 [3d Dept 2022], quoting Matter of Naquan V. v Tia W., 172 AD3d 1467, 1468 [3d Dept 2019]). " 'While not every petition in a Family Ct Act article 6 proceeding is automatically entitled to a hearing' " (Matter of Neil VV. v Joanne WW., 206 AD3d at 1098, quoting Matter of Pollock v Wakefield, 145 AD3d 1274, 1274 [3d Dept 2016]), " '[g]enerally, where a facially sufficient petition has been filed, modification of a Family Ct Act article 6 custody order requires a full and comprehensive hearing at which a parent is to be afforded a full and fair opportunity to be heard' " (Matter of Neil VV. v Joanne WW., 206 AD3d at 1098, quoting Matter of [*3]Buck v Buck, 154 AD3d 1134, 1135 [3d Dept 2017]; see S.L. v J.R., 27 NY3d 558, 564 [2016]). The question is whether the petition "set forth sufficient allegations 'that, if established at an evidentiary hearing, could support granting the relief sought' " (Matter of Buck v Buck, 154 AD3d at 1135, quoting Matter of Pollock v Wakefield, 145 AD3d at 1275).
"In assessing whether the petition has alleged the requisite change in circumstances, so as to withstand a motion to dismiss for failure to state a claim, Family Court must liberally construe the petition, accept the facts alleged [therein] as true, afford the petitioner the benefit of every favorable inference and resolve all credibility questions in favor of the petitioner" (Matter of Gerard P. v Paula P., 186 AD3d 934, 937-938 [3d Dept 2020] [citations omitted]). This liberal standard accounts for the fact that " '[c]ourts should not make custody determinations based on inadmissible hearsay statements [or] information provided at court appearances by persons not under oath' " (Matter of Buck v. Buck, 154 AD3d at 1135; see S.L. v J.R., 27 NY3d at 564).
At the outset, we agree with the mother that the father's representation that he had moved back to New York and could now exercise in-person visitation could not form the basis of a change in circumstances finding. This claim was conclusively refuted by the father's own admissions during the August 2021 appearance, which established that he had since returned to Minnesota and intended to remain there until completion of a substance abuse and mental health program (see generally Matter of Moore v Sloan, 88 AD3d 1193, 1194 [3d Dept 2011]). Although completion of such a program could, in an appropriate case, satisfy the threshold change in circumstances requirement, this future event has yet to come to fruition (see Matter of Januszka v Januszka, 90 AD3d 1253, 1354 [3d Dept 2011]; compare Matter of Brittni P. v Michael P., 210 AD3d 1338, 1339 [3d Dept 2022]; Matter of Denise VV. v Ian VV., 205 AD3d 1090, 1091 [3d Dept 2022]).
That said, the father's petition sufficiently alleged other changed circumstances that, if established at a hearing, would entitle him to a best interests review, including that the mother had thwarted the electronic communication to which he was entitled pursuant to the November 2019 order, failed to keep him informed of certain health information pertaining to the child and, upon information and belief, was found to have neglected the child (see Matter of Nelson UU. v Carmen VV., 202 AD3d 1414, 1416 [3d Dept 2022]; Matter of Curry v Reese, 145 AD3d 1475, 1475 [4th Dept 2016]; Matter of O'Dale UU. v Lisa UU., 140 AD3d 1249, 1250-1251 [3d Dept 2016]; Matter of Markey v Bederian, 274 AD2d 816, 817 [3d Dept 2000]).[FN2] Even if such circumstances do not ultimately result in an award of joint legal custody as sought by the father, his petition also sought increased visitation and unsupervised parenting time. These changed circumstances[*4], if established, would support a best interests review to determine whether such relief is warranted based upon the totality of the evidence.
Rather than accepting the facts as alleged in the petition as true, Family Court improperly relied on unsworn information provided by the attorneys in rejecting the father's claims (see Matter of Buck v Buck, 154 AD3d at 1135). Additionally, the information provided by DSS about the disposition of the neglect case against the mother is relevant to a best interests determination and not the threshold change in circumstances finding. As the father filed a facially sufficient petition, we remit the matter for a hearing (see Matter of Abigail Y. v Jerry Z., 200 AD3d 1512, 1514 [3d Dept 2021]).
Egan Jr., J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: A new attorney is representing the child on this appeal and takes a different position than the attorney who represented the child in Family Court.

Footnote 2: Although the mother is correct that the father could have commenced a violation proceeding to address his allegation that the mother failed to comply with the video chat provisions of the November 2019 order (see e.g. Matter of Shannon X. v Koni Y., 196 AD3d 763, 764-765 [3d Dept 2021], lv denied 37 NY3d 915 [2021]; Matter of Shannon X. v Koni Y., 180 AD3d 1168, 1169 [3d Dept 2020]), the failure to comply with the parenting time provisions of a custody order may, in an appropriate case, also form the basis of a change in circumstances finding in the context of a custody modification proceeding (see Matter of Nelson UU. v Carmen VV., 202 AD3d at 1416; Matter of Kanya J. v Christopher K., 175 AD3d 760, 762 [3d Dept 2019], lvs denied 34 NY3d 905, 34 NY3d 906 [2019]; Matter of Markey v Bederian, 274 AD2d at 817).