Matter of Matthew TT. v Erin TT. (2023 NY Slip Op 06577)

Matter of Matthew TT. v Erin TT.

2023 NY Slip Op 06577

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

CV-22-2107
[*1]In the Matter of Matthew TT., Appellant,
v
Erin TT., Respondent. (And Another Related Proceeding.)

Calendar Date:November 16, 2023

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and Mackey, JJ.

Gordon, Tepper & DeCoursey, LLP, Glenville (Jennifer Powers Rutkey of counsel), for appellant.
LaClair & DeLuca, PLLC, Albany (Cynthia J. LaClair of counsel), for respondent.
Monica M. Kenny-Keff, Cairo, attorney for the children.

Ceresia, J.
Appeal from an order of the Family Court of Greene County (Terry J. Wilhelm, J.), entered June 1, 2022, which, in two proceedings pursuant to Family Ct Act article 6, dismissed the petitions.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2010 and 2013). The father and the mother were parties to a contested matrimonial action which culminated in a bench trial in July 2019, after which Supreme Court (Fisher, J.) issued a written decision which, as relevant here, granted the parties joint legal custody of the children with primary physical custody to the mother. The mother was also awarded final decision-making authority in the event that the mother and the father could not agree on child-rearing decisions. The court ordered a rotating schedule of parenting time wherein the mother would have the children for eight nights out of every two weeks and the father would have them for the remaining six nights. A judgment of divorce, incorporating these custody provisions, was entered in December 2020.
Shortly thereafter, the father filed a petition in Family Court seeking to modify custody, which was dismissed without a hearing for failure to demonstrate a change in circumstances. In February 2022, the father filed a second modification petition (hereinafter the modification petition), again seeking to change the custody arrangement, and followed this two months later with a violation petition. The mother moved to dismiss both petitions, which motion was opposed by the father and the attorney for the children. Family Court (Wilhelm, J.) dismissed both petitions without a hearing. The father appeals, with the attorney for the children supporting the father's position on appeal.
Turning first to the modification petition, "[a] parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the child" (Matter of Nicole B. v Franklin A., 210 AD3d 1351, 1353 [3d Dept 2022] [internal quotation marks and citations omitted], lv dismissed 39 NY3d 1092 [2023]; see Matter of Karl II. v Maurica JJ., 209 AD3d 1135, 1136 [3d Dept 2022]). "While not every petition in a Family Ct Act article 6 proceeding is automatically entitled to a hearing, generally, where a facially sufficient petition has been filed, modification of a Family Ct Act article 6 custody order requires a full and comprehensive hearing at which a parent is to be afforded a full and fair opportunity to be heard" (Matter of Abigail Y. v Jerry Z., 200 AD3d 1512, 1513 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]). Upon a motion to dismiss a party's petition to modify an existing custody order, "Family Court must liberally construe the petition, accept the facts alleged in the petition as true, afford the petitioner the benefit of [*2]every favorable inference and resolve all credibility questions in favor of the petitioner" (Matter of Sarah OO. v Charles OO., 198 AD3d 1151, 1152 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Ryan Z. v Adrianne AA., 213 AD3d 1161, 1163 [3d Dept 2023]).
As set forth in his modification petition, the father made several allegations of changes in circumstances since entry of the judgment of divorce, including that the mother had unreasonably refused to allow the father additional parenting time on over 20 occasions, deprived him of his own parenting time, interfered with his relationship with the children and failed to communicate with him on co-parenting issues. These factual allegations were sufficient to warrant a hearing as to whether there had been a change in circumstances requiring an inquiry as to the children's best interests (see Matter of Ryan Z. v Adrianne AA., 213 AD3d at 1164; Matter of Sarah OO. v Charles OO., 198 AD3d at 1153; Matter of Nathaniel V. v Kristina W., 173 AD3d 1308, 1310 [3d Dept 2019]). With particular respect to the allegation that the mother failed to provide the father with additional parenting time, Family Court relied upon our decision in Matter of Thomas KK. v Anne JJ. (176 AD3d 1354 [3d Dept 2019]) for the proposition that one party's refusal to provide additional parenting time does not constitute a change in circumstances where that party has not previously agreed to any such additional time. However, in that case, the custody order at issue merely provided for "such other and further visitation as the parties can agree" (id. at 1354 [internal quotation marks omitted]). By contrast, the custody order in this case not only provided for additional parenting time as the parties could agree, but also indicated that the parties' consent was not to be "unreasonably withheld." Thus, unlike in Matter of Thomas KK., there is a component present here — i.e., whether the mother's refusal to consent to additional parenting time was reasonable — that should be explored at a hearing.
Turning to the violation petition, "[w]here, as here, a petition sets forth facts of willful noncompliance which, if established at a hearing would provide a basis for the relief sought, Family Court must afford the petitioner an opportunity to be heard" (Matter of Shannon X. v Koni Y., 180 AD3d 1168, 1169 [3d Dept 2020]). In his violation petition, the father alleged that the mother had unreasonably denied his requests for additional parenting time, unilaterally enrolled the children in extracurricular activities during the father's parenting time, withheld the father's holiday parenting time and failed to notify the father of medical issues involving the children, all in violation of the existing custody order. We again conclude that these allegations justify the holding of a hearing to determine whether the father is entitled to the relief sought in his violation petition (see id.).
Egan Jr., J.P., Clark, Aarons [*3]and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Greene County for further proceedings not inconsistent with this Court's decision.