Matter of John EE. v Jalyssa GG. (2023 NY Slip Op 06570)

Matter of John EE. v Jalyssa GG.

2023 NY Slip Op 06570

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

535135
[*1]In the Matter of John EE., Petitioner,
v
Jalyssa GG., Appellant.

Calendar Date:November 17, 2023

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Charles E. Andersen, Elmira, for appellant.
Andrea J. Mooney, Ithaca, attorney for the child.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Chemung County (Mary M. Tarantelli, J.), entered March 4, 2022, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2017). Pursuant to a 2021 custody order on agreement, the parties were granted joint legal custody, with the father having final decision-making authority, and a shared custodial arrangement allotting each parent equal parenting time. The order further directed that the mother's overnight parenting time would occur either at her home or the home of the maternal grandmother. The father thereafter filed two petitions in May and September 2021 to modify the prior order and an enforcement petition in June 2021. The petitions alleged that the mother took the child to Florida for one week without his prior knowledge or consent, failed to exercise her parenting time, withheld the child from him and was late for pick ups and drop offs of the child. The mother filed cross-petitions for modification and enforcement alleging that the father refuses to bring the child to preschool, does not allow her parenting time and is doing unsafe things with the child.
A fact-finding hearing began in December 2021, and both the mother and the father testified. The hearing was continued to March 2022. Shortly before the March date, the mother contacted Family Court and requested to appear virtually. She was informed by court personnel that the judge was unavailable to rule on her request but was advised that most likely it would be denied. Her subsequent request made the day before the hearing was denied by Family Court. On the day of the hearing, the mother defaulted in her appearance, and the court dismissed her petitions [FN1] and proceeded with proof. [FN2] Following the hearing, as relevant here, Family Court granted the father sole legal custody, gave the mother access to the child's medical, educational and other provider records and granted primary physical custody to the father, with the mother having parenting time every other weekend. Further, Family Court determined that the mother had willfully violated the 2021 order and imposed a six-month jail term, which would be suspended conditioned on the mother's compliance with the terms of the order. The mother appeals.
We affirm. Initially, we disagree with the mother's contention that Family Court abused its discretion in denying her request to appear virtually. Upon receipt of the mother's request, she was advised that the court typically denies requests to appear virtually based on the lack of a babysitter, the reason given by the mother. One day prior to the hearing, when the mother renewed her request, she was informed that the court had, in fact, denied it. When the mother failed to appear, the court noted her default and proceeded with the hearing. We [*2]do not find Family Court's determination to be an abuse of discretion as it had specifically informed the mother on the first day of the hearing that if she failed to appear in March the hearing would continue without her, the mother had three months advance notice of the hearing and, as evidenced by her initial request to the court, her request was not based on an unanticipated or last minute occurrence (see generally Matter of Jessica HH. v Sean HH., 196 AD3d 750, 752 [3d Dept 2021]; Matter of Thompson v Wood, 156 AD3d 1279, 1282-1283 [3d Dept 2017]; Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1047-1048 [3d Dept 2014]). Moreover, contrary to the mother's contention, Family Court did not err in taking a negative inference against her for her failure to appear and offer any proof at the continuation of the hearing, nor does this constitute bias or prejudice against the mother (see Matter of Amanda I. v Michael I., 185 AD3d 1252, 1255 [3d Dept 2020]; Matter of Cameron ZZ. v Ashton B., 183 AD3d 1076, 1080-1081 [3d Dept 2020], lv denied 35 NY3d 913 [2020]; Matter of Joshua UU. v Martha VV., 118 AD3d 1051, 1054 [3d Dept 2014]).
Turning to the merits, the mother contends that Family Court erred in modifying the custody order, as the father did not show a change in circumstances. The attorney for the child disagrees, asserting that the record evidence supports the court's determination. "The party petitioning to modify a custody order bears the burden of demonstrating first, that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of John M. v Tashina N., 218 AD3d 935, 936 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Neil VV. v Joanne WW., 206 AD3d 1097, 1098 [3d Dept 2022]). "A change in circumstances is demonstrated through new developments or changes that have occurred since the previous custody order was entered" (Matter of Ramon ZZ. v Amanda YY., 189 AD3d 1913, 1914 [3d Dept 2020] [internal quotation marks and citations omitted]). "The required change in circumstances, in turn, may be found to exist where the parties' relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the child[ ]" (Matter of Anthony JJ. v Angelin JJ., 211 AD3d 1394, 1395 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Cecelia BB. v Frank CC., 200 AD3d 1411, 1413 [3d Dept 2021]). "Inasmuch as Family Court is in a superior position to evaluate witness credibility, this Court will defer to its factual findings and only assess whether its determination is supported by a sound and substantial basis in the record" (Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 843 [3d Dept 2022] [internal quotation marks and citations omitted]).
Although the parties have a history of poor communication, the record demonstrates [*3]that since the entry of the prior order, the parties' communication has deteriorated significantly. The mother testified that she cannot have a conversation with the father as "he just runs his mouth." The father testified that it is difficult to discuss issues with the mother, as she often acts in a unilateral fashion and only advises him of her actions after the fact. Facebook messages between the parties, which were admitted into evidence, often amounted to no more than profanity-laced rants. Evidence of the mother's unilateral actions and the attendant breakdown in communications between the parties was demonstrated by the mother taking the child to Florida with little to no advance notice to the father and then failing to communicate with him while there; the necessity of law enforcement assistance in the exchange of the child between the parties; and the mother's enrollment of the child in preschool without prior notice to the father. Based on these circumstances, and deferring to Family Court's credibility determinations, we find that there is a sound and substantial basis in the record to support Family Court's determination that the breakdown in the parties' communication has left them unable to co-parent or communicate for the child's well-being, establishing the requisite change in circumstances and warranting an inquiry into the best interests of the child (see Matter of John M. v Tashina N., 218 AD3d at 937; Matter of Thomas FF. v Jennifer GG., 143 AD3d 1207, 1208 [3d Dept 2016]).
We also disagree with the mother's contention that Family Court's grant of sole legal and primary physical custody to the father lacks a sound and substantial basis in the record. "In determining whether modification of a prior custody order will serve the best interests of the child, courts must consider a variety of factors, including the quality of the parents' respective home environments, the need for stability in the child's life, each parent's willingness to promote a positive relationship between the child and the other parent and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of David V. v Roseline W., 217 AD3d 1112, 1113 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 905 [2023]; see Matter of Austin ZZ. v Aimee A., 191 AD3d 1134, 1136 [3d Dept 2021]).
According deference to Family Court's factual findings and credibility determinations, we find its custody determination is supported by a sound and substantial basis in the record. The court credited the father's testimony over the mother's testimony. The record demonstrates that the father has competently cared for the child since the previous order. The mother, by contrast, has failed to avail herself of her court-ordered parenting time, has failed to timely exchange the child, continually denigrates the father, has repeatedly contacted Child Protective [*4]Services with unfounded allegations, and participated in, and/or orchestrated, the assault of the father's girlfriend. On this record, there is ample evidence supporting the award of sole legal custody to the father, with the mother retaining independent access to the child's records, and an award of primary physical custody to the father (see Matter of John M. v Tashina N., 218 AD3d at 937; Matter of Brett J. v Julie K., 209 AD3d 1141, 1144 [3d Dept 2022]).
The mother next contends that Family Court abused its discretion in finding her in contempt of court and sentencing her to a six-month suspended jail term. "To sustain a finding of civil contempt for a violation of a court order, a petitioner must show by clear and convincing evidence that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party" (Matter of Beesmer v Amato, 162 AD3d 1260, 1261 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Harley K. v Brittany J., 189 AD3d 1738, 1739 [3d Dept 2020]). "This Court will accord deference to Family Court's credibility findings, and the determination of whether to hold a party in contempt will generally not be disturbed absent an abuse of discretion" (Matter of Craig K. v Michelle K., 218 AD3d 977, 978 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Timothy RR. v Peggy SS., 206 AD3d 1123, 1124 [3d Dept 2022]). Here, the mother's contempt was sufficiently established through her own testimony and documentary evidence that she was aware of the terms of the court order and despite this she took the child with her to Florida, that she withheld the child from the father and denigrated him. The father was prejudiced by missing parenting time, by having to contact law enforcement in an effort to assist with the exchange of the child and the mother's failure to involve him in determining major issues concerning the child. Thus, Family Court did not err in finding the mother in contempt for violating the March 2021 order (see Matter of Timothy RR. v Peggy SS., 206 AD3d at 1126; Matter of Harley K. v Brittany J., 189 AD3d at 1740). Although the court imposed a six-month suspended jail term as a sanction,[FN3] we do not find this to be excessive or stemming from an abuse of discretion (see Matter of Brett J. v Julie K., 209 AD3d at 1145-1146; Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1348 [3d Dept 2014], lv dismissed & denied, 24 NY3d 937 [2014]). The mother's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother does not appeal the dismissal of her petitions.

Footnote 2: Despite the mother's absence, her counsel was present, did not request an adjournment, made timely and valid objections, cross-examined the father's witnesses, presented evidence and gave a closing statement on her behalf.

Footnote 3: The sentence was suspended upon the mother's future compliance with the order.