Matter of Christine X. v James Y. (2025 NY Slip Op 07060)

Matter of Christine X. v James Y.

2025 NY Slip Op 07060

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-24-1762
[*1]In the Matter of Christine X., Appellant,
v
James Y. et al., Respondents. (And Another Related Proceeding.)

Calendar Date:October 16, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Barbara Ann Montena, Ballston Spa, for appellant.
Amanda Geary, Canton, attorney for the children.

Aarons, J.P.
Appeals from two orders of the Family Court of St. Lawrence County (Andrew Moses, J.), entered April 1, 2024 and June 11, 2024, which, in two proceedings pursuant to Family Ct Act article 6, dismissed the petitions.
Petitioner (hereinafter the grandmother) is the maternal grandmother to the four subject children (born in 2004, 2005, 2007 and 2009). Pursuant to a September 2018 custody order entered on stipulation of the parties, including the children's parents — respondent James Y. (hereinafter the father) and respondent Stacie Z. (hereinafter the mother) — the grandmother was granted sole legal and primary physical custody of the children. The custody order further directed the grandmother not to allow the children's maternal grandfather to live in the same home as the children and forbade unsupervised contact between the children and the grandfather. Those restrictions were also included in an order of protection against the grandfather in favor of the four children, expiring on the youngest child's 18th birthday in 2027.
In March 2024, the grandmother commenced the first of these two proceedings to modify the September 2018 custody order to permit the grandfather to reside with her and the children and to vacate the order of protection. Family Court dismissed the petition in an April 2024 order, concluding that the grandmother had not set out a sufficient change in circumstances to warrant a modification. The grandmother thereafter commenced the second of these proceedings, again seeking the same relief. Family Court dismissed the second proceeding in a June 2024 order, again finding the petition failed to adequately allege a change in circumstances. The grandmother appeals.[FN1]
"In any modification proceeding, the threshold issue is whether there has been a change in circumstances since the prior custody order significant enough to warrant a review of the issue of custody to ensure the continued best interests of the children" (Matter of Patricia P. v Dana Q., 106 AD3d 1386, 1386-1387 [3d Dept 2013] [citations omitted]; accord Matter of Pollock v Wakefield, 145 AD3d 1274, 1274 [3d Dept 2016]). "In assessing whether the petitioner has alleged the requisite change in circumstances, so as to withstand a motion to dismiss for failure to state a claim, Family Court must liberally construe the petition, accept the facts alleged in the petition as true, afford the petitioner the benefit of every favorable inference and resolve all credibility questions in favor of the petitioner" (Matter of Abigail Y. v Jerry Z., 200 AD3d 1512, 1513 [3d Dept 2021] [internal quotation marks and citations omitted]).
The grandmother sustained this threshold burden. The grandmother alleged, among other things, that the two older children had reached majority age and could choose to spend time with the grandfather, and the two younger children — who were around 17 and 15 years old at the time these proceedings commenced [FN2] — had expressed a desire to have a relationship [*2]with the grandfather. The grandmother also averred that the grandfather had been in an extended period of sobriety and was not a threat to the children, and that she wished to resume cohabiting with him. In our view, these developments, though not dispositive, "could potentially support the finding of a change in circumstances" (Matter of Sarah OO. v Charles OO., 198 AD3d 1151, 1153 [3d Dept 2021]; see Matter of Yeager v Yeager, 110 AD3d 1207, 1209 [3d Dept 2013]). Accordingly, we reverse and remit the matter to Family Court for a hearing on whether there has been a change in circumstances warranting a modification of custody in the best interests of the children (see Matter of Pollock v Wakefield, 145 AD3d at 1275; Matter of Freedman v Horike, 107 AD3d 1332, 1333-1334 [3d Dept 2013]; compare Matter of Perry v Perry, 52 AD3d 906, 906-907 [3d Dept 2008], lv denied 11 NY3d 707 [2008]).
Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order entered April 1, 2024 is affirmed, without costs.
ORDERED that the order entered June 11, 2024 is reversed, without costs, and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Insofar as the grandmother's arguments are not addressed to the April 2024 order, we deem the appeal therefrom abandoned (see Matter of Joshua PP. v Danielle PP., 205 AD3d 1153, 1160 [3d Dept 2022], lv denied 39 NY3d 901 [2022]).

Footnote 2: Only the youngest child is currently below the age of 18.